Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of GEORGIANA ALICE REDNER, Respondent, for Compensation to Herself under the Workmen's Compensation Law for the Death of Her Husband, CHARLES W. REDNER, *v.* H. C. FABER & SON, Employer, and THE FRANKFORT GENERAL INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 14, 1917.

**Workmen's Compensation Law — when injury to employee in street arises out of his employment.**

Where two manufacturing corporations, owned by the same stockholders and operated by a single executive organization, were located diagonally across the street from each other, which street was practically a part

of their premises and was not generally used for street purposes, and a general utility man employed by one of the corporations, who while returning to the building of his employer after performing services which he had been directed to perform in the building of the other corporation, when he reached a point near the curb line in front of his employer's factory, slipped upon the snow and ice in the street and sustained injuries from which, in connection with other complications he subsequently died, said injury must be deemed one " arising out of " his employment within the meaning of the statute, and not merely a street accident to which every one using the highway was equally liable.

If the general scope of the business in which the injured party is employed, so that he is subjected to the risks incident to such business, is within the statute, then the protection is extended to him throughout the course of such employment, even though the particular accident was not such as to come within the major employment, and whether such an injury occurs in the street in front of the employer's premises, made use of for such employment, or in the factory building itself, can make no difference in the application of the law.

APPEAL by the defendants, H. C. Faber & Son and another, from an award of the State Industrial Commission, entered in the New York city office of said Commission on the 18th day of May, 1917.

*Ainsworth, Carlisle & Sullivan* [*Charles B. Sullivan* of counsel], for the appellants.

*Merton E. Lewis*, Attorney-General [*E. C. Aiken, Deputy Attorney-General*, of counsel], and *Robert W. Bonynge*, counsel to the Commission, for the respondents.

WOODWARD, J.:

There is but one question to be decided upon this appeal from an award of the State Industrial Commission. H. C. Faber & Son is a corporation engaged in manufacturing commercial trunks, with its factory located on Meadow street, Utica. Diagonally across this street the A. W. Winship Company, a second corporation, is engaged in the manufacture of personal trunks. Both corporations are owned by the same stockholders and are carried on by a single executive organization. The Faber Company had in its employ a general utility man, the claimant's husband, who performed services for both corporations. Among his duties was the work of lettering trunks. On the 20th day of January, 1916, he was directed by the superintendent of the Faber Company

to go across to the Winship factory and to there letter a trunk. For this purpose Redner left the Faber factory and went to the Winship factory, where he performed the service, and started to return to the Faber factory. When he had reached a point near the curb line, in front of the Faber factory, he slipped upon the snow and ice in the street and received injuries from which, in connection with other complications, he died some six months later.

The point urged upon this appeal is, that the fall, having occurred in a public highway, that the injury was not one "arising out of" Redner's employment (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 3, subd. 7; Id. § 10); that it was merely a street accident, to which every one using the highway was equally liable. It must be admitted that there are English authorities which seem to sustain this contention, and some of our own cases have refused to sustain awards where the accidents have occurred in the highways after the termination of the hours of employment, but we think none of them have gone to the extent we are asked to go in the present case. The evidence indicates that while the location of the accident was technically a public highway it was in fact practically a part of the premises of these two corporations; it was not generally used for street purposes. The presumption would be, in the case of an ordinary highway, that the fee vested in the abutting owners, subject to the easement for public passage, and that the owners of the fee had a right to make any use of such highway consistent with the public use, so that the determining factor is, not whether the accident occurred in a public highway, but whether the employee was there in the performance of his duties. If he was there in the discharge of the obligations of his employment the accident would arise out of such employment as certainly as though he had reached a point within the factory and had there slipped and sustained his injuries. This highway was a part of the place provided for him to work in, and even at common law it was probably the duty of the Faber Company to use reasonable care to see that this place was reasonably safe for the purposes to which it was devoting the street, and we are fully persuaded that, under the circumstances here disclosed, it was a matter of

Third Department, November, 1917.          [Vol. 180.

absolute indifference who owned or controlled the highway. It was as necessary for the decedent to cross this highway in doing the work appointed as it was for him to cross the room in which he was employed in the factory, and the liability would clearly extend to him if injured in either case while actually employed.

While it may be true that the Workmen's Compensation Law was primarily designed to compensate for the real tragedies inherently involved in the so-called hazardous occupations, our courts have gone too far in sustaining these awards to now hold that only such accidents are covered as arise out of the special hazards of the business. If the general scope of the business in which the injured party is employed, so that he is subjected to the risks incident to such business, is within the statute, then the protection is extended to him throughout the course of such employment even though the particular accident was not such as to come within the major employment, and whether such an injury occurs in the street in front of the employer's premises, made use of for such employment, or in the factory building itself, can make no difference in the application of the law.

The award should be affirmed.

Award unanimously affirmed.