Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of NELLIE HEIDEMANN, Respondent, for Compensation under the Workmen's Compensation Law for the Death of CARL HEIDEMANN, *v.* AMERICAN DISTRICT TELEGRAPH COMPANY, Employer, and ROYAL INDEMNITY COMPANY, Insurer, Appellants.

Third Department, September 8, 1920.

**Workmen's Compensation Law — accidental shooting of person engaged as watchman — accident not arising of employment — award reversed.**

Where a person employed to patrol the streets and guard property for an employer engaged in furnishing burglar and watchman service was accidentally shot and killed by a policeman who was pursuing a burglar under circumstances wholly unrelated to the employment of the person killed, an award under the Workmen's Compensation Law is not justified, for there was no causal relation between the accident and the employment.

JOHN M. KELLOGG, P. J., and KILEY, J., dissent, with opinion.

APPEAL by the defendants, American District Telegraph Company and another, from a decision and award of the State Industrial Commission, made on the 24th day of November, 1919, and entered in the office of said Commission.

*Frank J. O'Neill* [*Barnett Cohen* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, J.:

The business of the employer was to furnish burglar and watchman service. The duty of the deceased employee was to patrol the streets at night guarding and protecting stores in the course of his employment. A burglary had occurred in a distant part of the city entirely unrelated to the work of the deceased. A police officer was in pursuit of the fleeing burglars. He shot at one of them but the bullet missed its aim and accidentally struck and killed Heidemann, the employee. The bullet which caused his death was not intended for him but for the fleeing burglars. If it had struck the

motorman of a passing street car or any other employee engaged in his usual employment the same argument could be made as is here made that the accident arose out of the employment in which the injured employee happened to be engaged.   I think there is no causal relation between the accident and the employment.   The case of *Matter of Redner v. Faber & Son* (223 N. Y. 379) contains nothing favorable to this claim for the reason that this accident did not occur because of an ordinary risk incidental to a street nor do the usual perils of a street involve exposure to flying bullets.   This bullet might have reached its victim if he had not been on the street.   If the deceased had been shot under the same circumstances while on the premises of his employer the case would be no different.   The work in which the deceased was engaged bore no relation to the accident.   The stray bullet might have caused the death of any other person who happened to be in its course.   The work which the deceased was doing did not induce or cause the firing of the fatal shot.   That act was entirely independent of the employment and unrelated thereto.   The accident, therefore, did not arise out of the employment.   (Workmen's Compensation Law, § 10.)

The award should be reversed and the claim dismissed.

All concur, except JOHN M. KELLOGG, P. J., dissenting, with a memorandum, in which KILEY, J., concurs.

JOHN M. KELLOGG, P. J. (dissenting):

The employer was engaged in furnishing, maintaining and operating burglary alarm and watchman service, and the deceased employee was engaged in that service when he was shot, on Montague street, Brooklyn, by a probation officer of the police department.   A burglary had been committed and two officers were in the immediate pursuit of the two burglars along Montague street, and an officer, hearing the men running, fired in the air to halt them; they paid no attention; he again shot at one of the burglars, with the result that the employee was hit and killed.   The nature of the employment, the fact that the employee was going from store to store, seeing that the doors were closed and that no one was within at this hour of the morning, exposed him to a

peculiar hazard from night prowlers, or from the police, who might readily misunderstand his movements. He met his death when the police were pursuing and trying to wound the burglars.

In *Matter of Redner* v. *Faber & Son* (223 N. Y. 379, 382) the court considers with approval the English case of *Dennis* v. *White & Co.* (L. R. [1917] App. Cas. 479), quoting as follows: " If a servant in the course of his master's business has to pass along the public street, whether it be on foot or on a bicycle, or on an omnibus or car, and he sustains an accident by reason of the risks incidental to the streets, the accident arises out of as well as in the course of his employment. * * * The use of the streets by the workman merely to get to or from his work of course stands on a different footing altogether, but as soon as it is established that the work itself involves exposure to the perils of the streets the workman can recover for any injuries so occasioned."

Concededly the injury was received in the course of the employment, and, in my judgment, the risk was so far connected with the employment that we may consider that it arose out of it. The award should, therefore, be affirmed.

KILEY, J., concurs.

Award reversed and claim dismissed.