Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of LAWRENCE L. ROBERTS, Respondent, for Compensation under the Workmen's Compensation Law, *v.* J. F. NEWCOMB & COMPANY, Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

Third Department, July 6, 1922.

Workmen's Compensation Law — injury arising out of and in course of employment — injury to outside man employed by printing corporation in New York city, while on way to call on patron of employer, by "Wall Street explosion" arose out of employment — when injury by accident in street covered by statute.

An outside man employed by a printing corporation in the city of New York sustained an injury arising out of and in the course of his employment, within the meaning of the Workmen's Compensation Law, where he was injured by the so-called "Wall Street explosion" while on his way, in the performance of his regular duties, to call on a patron of his employer.

*It seems*, that it conforms best with the spirit and purpose of the Workmen's Compensation Law to hold that when a man is injured by an accident in the street, while he actually is performing the services he is employed to perform by his employer, he is covered by the statute.

H. T. KELLOGG, J., dissents.

APPEAL by the defendants, J. F. Newcomb & Company and another, from a decision and award of the State Industrial Board, entered in the office of said board on the 5th day of December, 1921.

*Bertrand L. Pettigrew* [*Walter L. Glenney* of counsel], for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

KILEY, J.:

The record discloses that the employer (a corporation) of the claimant was engaged in business at 441 Pearl street, New York city, N. Y., as general printers; that claimant was an outside man,

that is, one who solicited and collected from patrons in different parts of the city, printing used daily in large establishments in that city; called regularly at those establishments, including banks, where he also deposited money for his employers. On the 16th day of September, 1920, at twelve-one o'clock (midday) after claimant had made a deposit at the Metropolitan Trust Company for his employer, and while on the way to call upon a patron of his employer, an explosion occurred which caused the injuries complained of here. The occurrence was what is now commonly and universally known as the " Wall Street explosion." A claim arising out of this same explosion was before this court in *Westbay* v. *Curtis & Sanger* (198 App. Div. 25), where the award to claimant was reversed, and where the Court of Appeals affirmed the judgment of this court without opinion. (232 N. Y. 555.) However, the award in that case was based upon the provisions of second group 45 of section 2 of the Workmen's Compensation Law (as added by Laws of 1918, chap. 634) — in that there were four or more employees engaged in the work of the employer. The question herein involved was not presented on that appeal. The claimant was in the course of his employment and was injured while actually performing service for which he was employed. The injury, its extent, compound fracture of right leg, is not questioned. That such injury was received in the course of his employment cannot be questioned. That it arose out of his employment, or that it was a risk incident thereto, or that it was such a risk as was contemplated by the contract of insurance, is questioned. It is urged that the negative of these propositions should prevail and the award should be reversed and the claim dismissed. The matter for consideration is simplified by asking the single question, is this a risk of the street or a " street risk? " The State Industrial Board in its finding recites all of the facts and concludes it was the most serious explosion that ever occurred in that city, and that claimant " received his injuries, because of his employment, in the discharge of his duty to his employer." Concededly the source of the explosion had no connection with the employer's business, but because of the employment at that particular time and place, the claimant was injured. The appellant urges that the principle underlying the decisions in *Matter of Grieb* v. *Hammerle* (222 N. Y. 382), *Matter of Redner* v. *Faber & Son* (223 id. 379) and *Matter of Heidemann* v. *American District Telegraph Co.* (230 id. 305) do not sustain the contention of respondents that this award should be affirmed. In the *Grieb Case* (*supra*) the claimant undertook *at the request of his employer* to deliver some boxes of cigars in the evening after working hours; he fell downstairs and was killed. The

question there involved was whether it was in the course of his employment. In the *Redner Case (supra)* the claimant was sent across the street by his employer to letter a trunk in another factory; while returning he slipped and fell on the ice or snow, receiving the injuries from which he died; his dependents were allowed compensation; the award was unanimously affirmed in this court. (180 App. Div. 127.) On appeal to the Court of Appeals it is said (p. 381 of opinion): "It is said on the part of the appellants that Redner's injuries did not *arise out of his employment,* and that his accident resulted from an ordinary *street risk* which was common to all pedestrians in the street. I think we have decided to the contrary on the question of law involved." The judgment of the Appellate Division was affirmed. In the *Heidemann Case (supra)* the night watchman of the American District Telegraph Company was accidentally shot and killed while on his rounds at night by a policeman in pursuit of burglars. An award in favor of his widow was reversed by the Appellate Division. (193 App. Div. 402.)

Judge CARDOZO, in the Court of Appeals, says: "An award under the Workmen's Compensation Law, in favor of his widow, was reversed at the Appellate Division on the ground that death, though occurring 'in the course of employment,' did not arise 'out of' employment within the meaning of the statute. We reach a different conclusion. Heidemann's duties involved exposure to something more than the ordinary perils of the street with its collisions, its pitfalls, and the like." (Citing cases.) The learned judge further says: "He was brought by the conditions of his work 'within the zone of special danger.'" (Citing *Matter of Leonbruno* v. *Champlain Silk Mills,* 229 N. Y. 470.) In *Matter of Kowalek* v. *N. Y. Consol. R. R. Co.* (229 N. Y. 489) it is held, in effect, that the Workmen's Compensation Law is not applicable to an injury arising through a hazard not associated with, nor inherent in, the nature of the employment as its source and *to which the employee would have been equally exposed if he had not been so employed.* In the case at bar it should be recalled that claimant was in this place, zone of danger, because of his employment and while actually engaged in his employment. *Allcock* v. *Rogers* (11 B. W. C. C. 149), an English case, where a boy was killed, while polishing the handles of a front door, by a bomb dropped from an attacking airplane in the late World War. The principle laid down in that case is such that it ought to control here, if we have not in this country escaped from or loosened the grip of the restrictions therein announced. It seems to me we have done so. (*Matter of Katz* v. *Kadans & Co.,* 232 N. Y. 420.) The award in the last cited case was unanimously affirmed by this

court in 198 Appellate Division, 962, without opinion.   In that case a chauffeur, while driving in the street on his master's business, was stabbed by an insane man running amuck.   Judge Pound, writing for a majority of the Court of Appeals, says: " If the work itself involves exposure to perils of the street, strange, unanticipated and infrequent though they may be, the employee passes along the streets when on his master's occasions under the protection of the statute."   Again: " The danger must result from the place to make it a street risk, but that is enough if the workman is in the place by reason of his employment, and in the discharge of his duty to his employer.   The street becomes a dangerous place when street brawlers, highwaymen, escaping criminals or violent madmen are afoot therein, as they sometimes are.   The danger of being struck by them by accident is a street risk because it is incident to passing through or being on the street when dangerous characters are abroad."   It seems to me that it conforms best with the spirit and purpose of the Workmen's Compensation Law to hold that, when a man is injured by an accident in the street, while he actually is performing the services he is employed to perform by his employer, he is covered by the statute.   Under the holding of the Court of Appeals in the *Katz Case (supra)* and *Rosmuth* v. *American Radiator Co.* (201 App. Div. 207), this claimant is entitled to compensation.

The award should be affirmed, with costs to the State Industrial Board.

All concur, except H. T. Kellogg, J., dissenting.

Award affirmed, with costs in favor of the State Industrial Board.