Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of ANNIE K. HARBY, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of JULIAN E. HARBY, v. MARWELL BROTHERS, INC., Employer, and COMMERCIAL CASUALTY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 24, 1922.

**Workmen's Compensation Law — traveling salesman killed on way from home to take train to visit customers — death arose out of and in course of employment.**

The death of a traveling salesman arises out of and in the course of his employment where it occurs while he is on his way from his home to take a train for the express purpose of visiting customers of his employer.

KILEY, J., dissents, with opinion.

APPEAL by the defendants, Marwell Brothers, Inc., and another, from a decision and award of the State Industrial Board, made on the 15th day of March, 1922.

*Jeremiah F. Connor*, for the appellants.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

VAN KIRK, J.:

The deceased was a traveling man, working on commission, for Marwell Brothers, Inc., wholesale grocers. He was killed on December 2, 1921. The question is whether he received the injuries which caused death while in the course of his employment; and this presents the question, when did his work begin? The case is quite different from those cases where the claimant had a located place of employment and did not begin his work until he reached that place. Deceased's home was in Arlington, N. J., and he was accustomed to return home each night. He sold to jobbers in Jersey City, Hackensack, Passaic and other towns in New Jersey, going to his employer's New York office but once a week. He was killed while going, with his sample case, the badge of his employment, from his home to take a train to visit his customers. Daily he went to one town or another; his place of work was migratory. His contract was to travel to see customers. If his work did not begin until he reached the town in which he was to visit a customer, the question remains, at what point in that town did it begin? Certainly not at the corporate limits, or the station. He would probably travel into the town by the same conveyance by which he reached the limits, and when he reached the station he had still further to go to reach his first customer. Did he begin work when he reached the business place of the first hoped-for customer? And, if so, did his work cease when he had finished with that customer and not begin again until he reached the next in the same town? It seems logically we must so hold, if we hold that his work did not begin until he reached his customer's place of business. But we have before held the contrary. (Cases cited below.)

By the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 3, subd. 4, as amd. by Laws of 1917, chap. 705) "'employee' means a person engaged in one of the occupations enumerated in section two, or who is in the service of an employer whose principal business is that of carrying on or conducting a hazardous employment upon the premises or at the plant, or in the course of his employment away from the plant of his employer; * * *." This provision has since been re-enacted in subdivision 4 of section 2 of the present Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1922, chap. 615), which took effect on July 1, 1922, and now refers to occupations enumerated in section 3 of the present statute. The deceased was not working at the plant of his employer, but was "in the course of his employment away from the plant." In the employer's first report of the injury is this: "Was he injured in regular occupa-

tion? A. Yes." In *Kass* v. *Hirschberg, Schutz & Co.* (191 App. Div. 300) this court held that a traveling salesman, who was on one of his trips, but who was injured while in the hotel at which he stayed, through the negligence of the management of the hotel, was not injured while in the course of his employment. In *Hospers* v. *Hungerford-Smith Co.* (194 App. Div. 945; affd., 230 N. Y. 616) the claimant, a traveling salesman, was injured while traveling, in Missouri, in an automobile, which skidded. In *Fuld* v. *Solomon Co.* (197 App. Div. 911) the claimant was a buyer for a manufacturing establishment and was struck by a bicycle while passing along the street to reach a seller. In *Goater* v. *D'Olier* (198 App. Div. 959) the claimant was traveling for his employer in Pennsylvania; he was going to the railroad station to procure a timetable preparatory to returning home and was hit by an automobile in the street. *Roberts* v. *Newcomb & Co.* (201 App. Div. 759) is the Wall street explosion case. Roberts was a salesman, going through the streets of New York to take orders, when the explosion occurred. In *Habbershaw* v. *Shepard Co.* (197 App. Div. 910) the claimant was a traveling man and was assaulted in the evening when carrying a satchel of tools from the railroad station to a hotel in Providence, R. I. In each of the above cases, except the first, the award to the claimant was affirmed.

A traveling man, working upon commission, begins his work when he leaves his home, or the place where he lives or passes the night, to visit directly a customer. If he starts out on some matter for himself, though intending later to see a customer, his work does not begin until he starts for his intended customer. He makes these trips to his customers directly under the employment; his traveling is necessarily contemplated by his employer and by the insurance carrier. His place of work is not limited by the employer's premises, but he is in the course of his employment away from the plant of his employer, doing his duty to the employer, at all times while he is directly seeking customers for his employer.

The award should be affirmed.

H. T. KELLOGG, Acting P. J., HINMAN and HASBROUCK, JJ., concur; KILEY, J., dissents, with an opinion.

KILEY, J. (dissenting):

Claimant is the widow of Julian E. Harby who, previous to his death, by accident, on December 2, 1921, lived at Arlington, N. J. He was killed by a train at Arlington, N. J., at about eight A. M. on said December second, while trying to cross a railroad track. He worked for Marwell Brothers, Inc., wholesale grocers, as a traveling salesman on a commission. Claimant had compensation

awarded her and her minor children on the following facts: He lived at home, was there nights and sometimes home for lunch, he had territory in New Jersey where he called on wholesale jobbers dealing in candies and groceries; his territory included "Jersey City, Hackensack, Passaic and such towns." His employer's place of business was 72 Beach street, Brooklyn, N. Y. From a letter written to his employer on December 1, 1921, the day before he was killed (letter says 1922 which is a mistake), it appears he was going to Paterson, N. J., and that such anticipated trip was to sell goods may be presumed from the evidence. The objection to the award is that it did not arise out of and in the course of his employment. Appellants' contention is well stated in their counsel's brief as follows: "Under all the facts in the present case and under the foregoing decisions, Mr. Harby was not in the course of his employment nor under the protection of the Compensation Law while going to and from his home at Arlington, N. J. He did not perform any work in Arlington. He went home every night just the same as any other employee and upon the day he was killed he was on his way from his home to Paterson, where he was to commence work for the day." The above statement, so far as it recites the facts, is correct. Several cases are cited to sustain appellants' contention. (*Matter of Clark* v. *Voorhees*, 231 N. Y. 14.) That is a case where this court (194 App. Div. 13) affirmed the award of the State Industrial Commission, and which the Court of Appeals reversed. The facts were these: The employee left his employer's place of business about four o'clock in the morning to go to an outside restaurant, 400 or 500 feet away, to get a cup of coffee, and while in the street he was struck by a motor truck and so injured that he died soon thereafter. The Court of Appeals says the injuries did not arise out of and in the course of his employment; that "When the decedent left the employer's place of business for the purpose stated, and while walking in the street he was not doing anything which he was employed to do; nor was it anything incident to or connected with the employment. It was no more a part of his employment than it would have been had he started for his own home for the purpose of getting his breakfast." Among the many citations referred to and examined by the Court of Appeals in the opinion from which the above quotations are made, is *Matter of Kowalek* v. *N. Y. Consol. R. R. Co.* (229 N. Y. 489). In that case an employee of the company who had been on guard duty had checked out and was about to take one of the company's cars for his home, upon which he was permitted to ride free of charge; he was electrocuted by coming in contact with one of the company's high power wires. Writing of the effect of the permission to ride

free on the company's cars, the court says: " In enjoying or exercising the permission he adopted his own will and choice and served his own convenience. The company was indifferent as to the way or means by which he reached the place where the day's work began. It did not contract that he should ride to and from work or pay him for the time through which he was riding. The transportation was not an incident of the employment. The employment continues throughout the transportation in case the parties by their contract of hiring positively or inferentially so stipulate. If they do not so stipulate the employee when he enters into the process of the transportation, is not under the hiring or control or in the employment of the employer and is not the employee." That the risk was that " to which he would have been equally exposed apart from his employment." The similarity of the facts in the case quoted to the one at bar is that claimant's intestate was not under the control of his employer at the time and was not at the place where he intended to commence work. A well-considered opinion is found in *Pierson* v. *Interborough R. T. Co.* (184 App. Div. 678; affd., 227 N. Y. 666). In that case the employee was a guard on defendant's road; he had a two-hour intermission when he was off duty, but in that time he started on the company's car to a dentist, and on the same trip was going to the company's office, on the way, to collect his wages. It was held that he was not covered by the Workmen's Compensation Law. In *Matter of McInerney* v. *B. & S. R. R. Corp.* (225 N. Y. 130) the deceased was working for defendant as a car inspector; he worked Sundays and the day he received his injury was Sunday. On Sundays he received pay for eleven hours which included his dinner hour. He was going to his home for dinner, which was not situated on the premises of defendant, when he was fatally injured. Held, he was not covered by the Workmen's Compensation Law. In *Scanlon* v. *Herald Co.* (201 App. Div. 173) the claimant, with the knowledge of the employer, took some of his work to his home when he went to supper and worked on it during his supper hour to expedite the work of getting out an edition of defendant's paper. Returning to his place of employment after supper he fell and was injured. Held, he was not entitled to compensation.

*Hospers* v. *Hungerford-Smith Co.* (194 App. Div. 945; affd., 230 N. Y. 616), relied upon by the respondent, is not controlling here. No opinion was handed down in either case; an examination of the record shows that the main question litigated was one of jurisdiction; the deceased hired out in Rochester, at the company's plant, to sell its products in the western States where he resided, and

34

while traveling in the course of his employment, in an automobile furnished by the employer, for which said employer also furnished gas and oil, he was killed. Upon the hearing the employer swore that he (deceased) operated the car by its authority " as part of the way of doing his work."

The award should not be sustained. It should be reversed and claim dismissed, with costs against the State Industrial Board.

Award affirmed, with costs in favor of the State Industrial Board.