In the Matter of the Accounting of JOHN C. O'CONOR et al., as Executors of HENRY T. CAREY, Deceased, Appellants.

FREDERICK P. HUDSON, Respondent.

*Appeal — order of Appellate Division reversing decree on accounting and remitting matter to Surrogate's Court for further action not a final order.*

*Matter of Carey (O'Conor),* 200 App. Div. 344, appeal dismissed.
(Argued January 8, 1923; decided January 23, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 3, 1922, which reversed a decree of the Suffolk County Surrogate's Court judicially settling the accounts of the executors of Henry T. Carey, deceased, and remitted the proceeding to said Surrogate's Court for entry of a decree in accordance with the opinion of the Appellate Division.

*John C. O'Conor* for appellants.

*Harlan F. Stone* and *Frederick C. Bangs* for respondent.

Appeal dismissed, with costs, on the ground that the rate of interest to be allowed on the trust fund being left open for the action of the surrogate the order appealed from is not a final order. (*Matter of Reynolds,* 233 N. Y. 606.)

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

In the Matter of the Claim of ANNIE K. HARBY, Respondent, *v.* MARWELL BROTHERS, INC., et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — traveling salesman killed while on way from home to take car to visit customers — accident arising out of and in course of employment.*

*Harby* v. *Marwell Brothers, Inc.,* 203 App. Div. 525, affirmed.
(Argued January 8, 1923; decided January 23, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered

November 28, 1922, affirming an award made under the Workmen's Compensation Law. Claimant's husband, a traveling salesman, working on commission, in the employ of defendant Marwell Brothers, Inc., wholesale grocers, was killed at a railway crossing while on the way from his home to take a car to a near by city for the purpose of visiting his customers and soliciting orders for his employer. Defendants objected that the accident did not arise out of and in the course of the employment. The Appellate Division held that a traveling man, working on commission, begins his work when he leaves his home, or the place where he lives or passes the night, to visit directly a customer; that he makes these trips to his customers directly under and in the course of his employment.

*Jeremiah F. Connor* for appellants.

*Carl Sherman, Attorney-General* (*E. C. Aiken* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

THEODORE F. KALBFLEISCH, Respondent, *v.* JAMES ANDERSON, Appellant.

*Pleading — action to enjoin negotiation, transfer or enforcement of orders to pay moneys — when complaint states cause of action.*

*Kalbfleisch* v. *Anderson*, 201 App. Div. 158, affirmed.

(Argued January 8, 1923; decided January 23, 1923.)

APPEAL, by permission, from three orders of the Appellate Division of the Supreme Court in the third judicial department, entered May 22, 1922, which unanimously affirmed orders of Special Term (1) denying defendant's motion for judgment on the amended pleadings; (2) granting plaintiff's motion to continue an injunction order *pendente lite* made at the commencement of the action and served with the summons and original complaint; (3) denying defendant's motion to vacate said injunction order after the service of the amended complaint. The