In the Matter of the Claim of BESSIE JAKEWAY, Respondent, against JOHN F. BAUER COMPANY and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 11, 1926.

Workmen's compensation — accidental injury arising out of and in course of employment — claimant was engaged to visit conventions and public institutions in interest of employer, manufacturer of cereal coffee — employer paid transportation but did not pay for board and lodging — at time of accident in Lancaster, Penn., claimant was about to attend convention — accident occurred in Young Women's Christian Association building where she was to stay — claimant fell and was injured while she was in said building — entire hotel or building open to guests, and not merely room of claimant, was her temporary home — at time of accident she was in her home and not in course of her employment.

The claimant, who was injured in a Young Women's Christian Association building in Lancaster, Penn., did not suffer an accidental injury in the course of her employment, since it appears that she was engaged by her employer, a manufacturer of cereal coffee, to visit State institutions and conventions for the purpose of interesting the heads of the institutions in the particular manufacturer and principally to obtain the good will of the heads of the institutions; that while her transportation was paid, her employer did not pay her room and board; that before she went to Lancaster she reserved a room in the Young Women's Christian Association building; and that after her arrival at the building she was injured while on her way to inspect another room in the building.

At the time of the accident the claimant was in her temporary home, and her contention that her temporary home consisted merely of the room which she was to occupy in the Young Women's Christian Association building cannot be sustained, for the entire building, open for the use of guests, and not merely the room assigned to the claimant, constituted her temporary home, and so she was at the time of the accident without the course of her employment.

APPEAL by John V. Bauer Company and another from an award of the State Industrial Board, made on the 21st day of April, 1926.

*Ireland & Caverly* [*William S. Pendleton* of counsel], for the appellants.

*Leo Waxman*, for the claimant.

*E. C. Aiken, Deputy Attorney-General*, of counsel, for the State Industrial Board.

VAN KIRK, J. That the claimant received serious accidental injuries on October 19, 1925, is not questioned. The objection to the award is that these accidental injuries were not sustained in the course of, and did not arise out of, her employment.

The employer was a manufacturer of cereal coffee. The claimant is called a traveling saleswoman. It appears that she traveled through a number of States, visiting State and county institutions, principally hospitals, and attending conventions apparently of the officers and superintendents of such institutions. Her employer's place of business was in Elmira, N. Y. She was injured in Lancaster, Penn., where she was sent by her employer to attend a convention. As to her duties there she testifies: " Q. And who were you to call on there? A. I was to attend a convention and interview the superintendents of all the State and County. Q. With the object of getting orders for your concern? A. More to get the good will. Of course, the company requests us to attend all these conventions — go around, call on them occasionally at their institution."

She had reserved room A at the Young Women's Christian Association building in Lancaster. When she reached this building, she directed the cab driver to take her bags to this room; he left these at the door of this room in the hallway. She registered and was told that a cot had been put in room A, that perhaps she would not care for it. She started to look at another room on the third floor that she might prefer. To accomplish this she had to pass through the auditorium, where it was dark, and she fell from the stage, receiving the injuries sustained. She did not cancel her reservation. She testified: " Q. If you didn't like it on the residential side [the third floor room] you were coming back to room A? A. Yes, I was going to stay there. I have always

stayed there. The hotels were all filled." She had sent the money to pay for her room reserved. It thus appears that she had reserved a room, had registered and was to remain in the Young Women's Christian Association building. Her employer paid her transportation expenses, but not her room and board. The convention was not to be held in the Young Women's Christian Association building. She had telephoned to secure a stand or booth at the convention. What display, if any, she would have had at her stand or booth is not disclosed, and we find nothing more definite as to her duties than that she was to interview these State officers more to get their good will than with the idea of taking orders. She said that her success depended more upon appearance and personality than upon anything else. Her employers only catered to the larger institutions.

It has been held that a traveling salesman is in the course of his employment from the time he leaves his home or domicile to see customers until he returns to his home, or until he leaves the course of his employment for some matter of interest other than his employer's (*Harby* v. *Marwell Bros., Inc.,* 203 App. Div. 525); and a hotel is in contemplation of the law a temporary home. (*Kass* v. *Hirschberg, Schutz & Co.,* 191 App. Div. 300.) But the claimant goes further in this case and insists that it is the room in the hotel and not the hotel itself which is the temporary home, and that a traveling salesman, while going through the office and hallways of the hotel seeking his room is in the course of his employment as if still on the highway to his residence. We think the hotel, not the room alone, is the home. A home is not a sleeping room alone; it includes the places where one eats, bathes, reads, visits and rests, where one throws off the cares of business and surrenders to his desire for creature comforts and human associations. When one pays for a room in a hotel, he has paid for the privileges which the hotel affords to satisfy these wants of the body and mind — the office, the hallways, dining room, bathrooms, and lounge. The hotel has become his home and when he has reached his hotel he has reached his home. Before this claimant was injured she had reached her home. If she had reached her room and, while moving about within that room, or while going to the bathroom or the dining room had sustained injuries, they could not be regarded as having arisen out of or in the course of her employment. The choice of this home was her own; her employer in this respect had no authority over her; she, not her employer, was to pay for her room and her board. She was not expecting to see customers at this place; she went there solely for her creature comforts and accommodation. It does not appear that she had in her possession any

property belonging to her employer, either samples or literature, or other things. It is true she would not have been in Lancaster unless she had been sent to the convention by her employer. But if an accident happens causing injury to a workman because by reason of his employment he was in the place where he was, the necessary relation between accident and employment is not established and the accident is not to be regarded as one arising out of the employment. " We have insisted that there must be some connection between accident and employment other than a mere physical location of the employee which placed him in the pathway of a cause producing injuries, no matter where or how that cause originated." (*Matter of McCarter* v. *La Rock*, 240 N. Y. 282, 285.) When looking at rooms to see which one she should select, she was not doing anything in the course of her employment, anything in any wise connected with her employment, or anything in the interest of any other than herself. In *Davidson* v. *Pansy Waist Company* (240 N. Y. 584) a salesman, who received his customers in his hotel room and who had already fixed his display of samples for the day, was injured while taking a bath in the morning preparatory to receiving his customers. The court said: " While it may be that at the time the claimant sustained his injuries he was making himself ready to perform his regular daily work as a salesman, such preparation cannot be said to be part of his employment and it does not appear that he might not have prepared himself in exactly the same way if engaged in any other employment or vocation. The injury did not arise out of and in the course of his employment." It seems to us that this danger, out of which the accident arose, was one that might have threatened the claimant at any place where she would remain for the night. It was nothing that was inherent in the nature of her employment, even indirectly. When she fell she was doing what she would have done no matter what occasion brought her to Lancaster, or in what employment or vocation she was engaged.

In the employer's report of injury there is no admission that her injury arose out of her employment. (See *Sturm* v. *Boker*. 150 U. S. 312, 336, and cases cited.)

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.