## THIRD DEPARTMENT, NOVEMBER, 1931.

In the Matter of the Claim for Compensation under the Workmen's Compensation Law of WILLIAM T. PRIESTLEY, Appellant, against H. HENTZ & Co. and Another, Respondents.

STATE INDUSTRIAL BOARD, Respondent.*

Appeal from a decision of the State Industrial Board noticed on November 15, 1930.

Decision affirmed, on the authority of Harby v. Marwell Bros., Inc. (203 App. Div. 525; affd., 235 N. Y. 504); Matter of Jakeway v. Bauer Co. (218 App. Div. 302); Davidson v. Pansy Waist Co. (240 N. Y. 584). All concur, except Hill, J., who dissents, with an opinion.

HILL, J. (dissenting). The Industrial Board has decided that accidental injuries which claimant sustained did not arise out of and in the course of his employment. He was a salesman of stocks and bonds, employed to travel through the south and west. Under his contract, he received a weekly salary, and all of his expenses were paid. He was injured at about nine-thirty o'clock in the evening, while walking upon the streets of Oklahoma City. He had interviewed the last customer

* Affd., 258 N. Y. 618.

at about five o'clock in the afternoon, and it was his intention to take a night train for Dallas, Tex. The sleeper would be ready for occupancy at nine-thirty. After his dinner at the hotel, he walked about the streets to kill time, as he said. While returning to the hotel, intending to obtain railroad tickets, reservations and his baggage, pay for the several days he had been entertained and then go to the train, he was injured. His only business in Oklahoma City was as salesman for his employer, and his contemplated trip to Dallas was in the same connection. If he had been injured while returning to the hotel from the call upon the last customer, or after he started for the depot to take the train, unquestionably it would have been in the course of his employment. (*Matter of Jakeway* v. *Bauer*, 218 App. Div. 302; *Matter of Groater* v. *D'Olier*, 198 id. 959; *Harby* v. *Maxwell Bros., Inc.*, 203 id. 525.) Compensation may not be awarded for injuries received by a traveling salesman while engaged in an avocation not connected with the employer's business (*Davidson* v. *Pansy Waist Co.*, 240 N. Y. 584), or if his day's work is completed and he is using his hotel as a temporary home (*Matter of Jakeway* v. *Bauer, supra*). The facts in the *Jakeway Case* (*supra*) indicate that the hotel was a temporary home for the claimant. Here it was a place where claimant waited or loitered between seeing the last customer and taking the train enroute for the new field. His employment being the cause of his entire trip, from a philosophical standpoint it would be the cause of an injury received at any time or place during its continuance, but a more pragmatic doctrine is established by the above-cited cases. They limit liability to injuries received while engaged in acts directly connected with the employment. The time between the call upon the last customer and the contemplated railway journey was directly, rather than remotely, incident to the work of the master. The trip to Dallas was in the direct line of his employment. He was to go by the usual means of conveyance available to the traveling public. His contract of employment contemplated railway journeys and a cessation of productive effort between the finishing of work in one town and the departure of the railroad train to the next. Had he gone to the hotel when he had finished with his last customer, intending to remain over night and enjoy rest and leisure until the morrow when he would take up his employment again and travel to Dallas, an injury while walking upon the streets would have presented conditions analogous to the *Jakeway* case. Rather he chose a night trip in the interest of his employer's time and business, and was serving the master while he waited. The decision should be reversed and the matter remitted, with costs against the State Industrial Board.