In the Matter of the Claim of NAN WOOD THEYKEN, Appellant, against DIPLOMAT PRODUCTS, INC., and Another, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Claimant's husband was a traveling salesman for Diplomat Products, Inc. He lived at Port Jefferson on Long Island, about sixty-five miles from New York city. He was required to report at the office of his employer in New York city every Saturday. He owned an automobile which he used in the performance of his work and his employer allowed him ten dollars weekly as mileage. The employer also insured the car. On the day of his death he reported at the employer's office and while proceeding to his home his car collided with another automobile and he sustained fatal injuries.

Decision of the State Industrial Board reversed and matter remitted for the purpose of making an award in claimant's favor on the ground that decedent at the time he sustained fatal injuries was in the course of his employment. (*Gibbs* v. *Macy & Co., Inc.*, 214 App. Div. 335; affd., 242 N. Y. 551; *Harby* v. *Marwell Bros., Inc.*, 203 App. Div. 525; affd., 235 N. Y. 504; *Goater* v. *D'Olier*, 198 App. Div. 959; *Matter of Crowell* v. *American Fruit Growers, Inc.*, 253 N. Y. 543; *Jakeway* v. *Bauer Co.*, 218 App. Div. 302.)

Hill, P. J., Rhodes and Heffernan, JJ., concur; McNamee, J., dissents, with an opinion in which Bliss, J., concurs.

McNAMEE, J. (dissenting). The decedent was a traveling salesman each week from Monday until Friday, inclusive, selling goods for the employer. The employer had its office on Thirteenth street in the city of New York; the "territory" of the decedent was located in the northerly part of New Jersey, and his home was at Port Jefferson, Long Island, sixty-five miles east of the office of the employer. The decedent was required to spend Saturday in the New York office of the employer, accounting for collections, receiving instructions, and conferring with other representatives of the employer. On the Saturday of his death decedent left the employer's office in New York at the close of his duties, and took with

him in his automobile another employee. They drove to the home of his companion in Flushing, Long Island, which was also on the route to decedent's home. The decedent entered the home of his companion, and " visited " there for a half or three-quarters of an hour, and then left; and when within thirty miles of his own home an automobile accident occurred, and the deceased suffered the injuries from which he died. The Industrial Board found that decedent's injuries did not arise out of and in the course of his employment. On the facts, this finding of the Board is binding on the court. The only question here is whether, on the facts proved, the Industrial Board was in error, as a matter of law.

A " traveling salesman " is one who sells goods, and travels from place to place for that purpose; but we may not use that expression here to indicate merely a general occupation; but under the Workmen's Compensation Law and to predicate an award thereon, the expression must be used to indicate a duty to the employer which the decedent was performing at the time of his injury. On the day when the deceased was injured he was not selling goods, nor was he traveling for that purpose, nor was he coming home from any place where he had been selling goods. On that day he was not engaged in salesmanship, nor had he incurred the risks of salesmanship. On the contrary, at most, he was on his way from New York where he was engaged in office employment. He was not on the line between his " territory " and his home. The proof shows that when he left his home on Sunday afternoon or Monday morning to go to his sales territory, he did not go through New York, nor through Flushing, but by another and shorter route. It was only when coming from his office employment that he passed over the road where he was injured. On Saturday he was a plant worker.

It might be that claimant would have a right to compensation if her husband had been going direct from his salesmanship to his home, even though he chose a home sixty-five miles further away from the place where he traveled and sold goods than was the office where he was employed on Saturdays; but the risks incurred on the day of injury were those of a plant worker. And whether this be so or not, he had undertaken a trip and a visit to the home of his friend, after the work of the week was finished, which had nothing to do with his work, or his duties to his employer, and thereby he was serving an interest other than that of his employment. On the facts in this case, we may not say, as a matter of law, that the Board was in error. (*Barber* v. *Harvey & Eddy Co.*, 265 N. Y. 661; *Priestley* v. *Hentz & Co.*, 258 id. 618; *Conrad* v. *Meldrum Motor Corp.*, 250 id. 564; *Jakeway* v. *Bauer Co.*, 218 App. Div. 302; *Coman* v. *Model Dairy Co.*, 210 id. 503.)

The decision should be affirmed.

Bliss, J., concurs.