In the Matter of the Claim of CARL FREUDENFELD, Appellant, against LOUIS STEIN & Co., INC., and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Claimant was an outside salesman selling goods to merchants of New York city, and also to out-of-town buyers when they came to the city. The employer's place of business was on Seventh avenue in New York, and claimant lived in Jamaica, Long Island. He received a weekly salary, and a commission of two per cent on sales, but no traveling expenses. Each morning he took a train from Jamaica to New York, sometimes to go to the employer's place of business, and sometimes to meet buyers outside. On his way to the train he slipped on an icy street, and was injured, by breaking his ankle. The employer's notice of injury states that claimant was not injured in his regular occupation, and controverted the claim on that ground. Claimant did not request the employer to provide medical attention. On the first hearing, when claimant was asked where he would go from the Long Island station in New York, he testified: " That would all depend — I usually make my route out on the train — the arrival of buyers is usually listed in the morning newspapers and I make a list from them. This being Monday morning I had no previous plans from the week before." The claim was disallowed, and the case closed. Upon being reopened on claimant's request, he testified that he was on his way to see certain customers, and that he always called on them on Monday mornings before going to the employer's store. There was a marked lack of harmony in that testimony and that given by the alleged customers. A question of fact was presented. The Industrial Board

found that the claimant had not entered upon his employment for the day at the time of the accident. There is evidence to support this finding. Decision affirmed. McNamee, Crapser and Bliss, JJ., concur; Hill, P. J., and Heffernan, J., dissent, and vote to reverse decision and to remit claim on the authority of *Matter of Harby* v. *Marwell Brothers, Inc.* (203 App. Div. 525; affd., 235 N. Y. 504).