In the Matter of the Claim of MILDRED GRAVES and Another, Appellants, against TIDE WATER OIL SALES COMPANY and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Jerome C. Graves was employed by the Tide Water Oil Sales Company at Warrensburg as district manager. His business was to call on " competitive " customers and induce them to buy from his employer. He was also required to sell the products of the employer, and collect the money due it. As district manager he was to pursue any other activities that would contribute to the benefit of his employer. The other employees in the district

were subject to his direction. In the pursuit of his duties he traveled over the district, which comprised a large territory, and used an automobile in his work. He had no regular hours, and worked evenings as well as during the day. On June 10, 1933, at two-thirty o'clock in the morning, he was killed as the result of an automobile accident on highway No. 9, the route necessarily traveled by him in reaching his home from his work. He left a wife and a dependent child, and also a father who claims to be dependent. On the day of the accident the deceased called on various customers at different points in his district, and made collection of a small amount of money. He then attended the dinner given to one of the employees of the district who was being transferred to another territory. Nearly all of the attendants at the dinner were employees of the company. There the deceased talked over the business of the company and turned over to the chief clerk the check he had collected during the day. At the time of the accident he had with him orders for the employer's products, which were filled later. Whether the place where the dinner was held was directly on the route home does not clearly appear; and if it were not, the deceased had again returned to his regular route home before the accident happened. It was necessary for him to be at the place of collision in order to reach his home from his work. The Industrial Board denied death benefits, as appears from its memorandum of decision, because the dinner was not arranged or paid for by the employer; because there was no evidence that the deceased, as manager, directed that the dinner be held, but that it was a voluntary gathering of employees to show their good will for their associate, who was leaving them. As above noted, the deceased was a traveling salesman, with no regular hours, and was on duty while on his way home from the place of his employment, and it was necessary for him to be at the place where he was killed in order to reach his home. (*Theyken* v. *Diplomat Products Co.*, 243 App. Div. 822; affd., 268 N. Y. 658.) Decision reversed, and the claim remitted to the Industrial Board, with costs to the claimant against the employer and insurance carrier. Hill, P. J., McNamee and Crapser, JJ., concur; Rhodes and Bliss, JJ., dissent, and vote to affirm.