In the Matter of the Claim of GRAYDON A. COWLES, Respondent, against UNITED STATES RUBBER PRODUCTS, INC., Employer, and FIREMEN'S FUND INDEMNITY COMPANY, Insurance Carrier, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 4, 1938.

*James H. O'Connor*, for the appellants.

*Fuller, Brown, Hubbard & Felt*, for the claimant, respondent.

*John J. Bennett, Jr., Attorney-General* [*Leon Freedman, Assistant Attorney-General*, of counsel], for the respondent State Industrial Board.

HILL, P. J. Employer and carrier appeal from an award for temporary total disability. They ask a reversal on two grounds: (1) That the injury did not arise out of the employment and in the course thereof; (2) that written notice of injury was not given as required by section 18 of the Workmen's Compensation Law.

Claimant was a traveling salesman engaged in selling automobile tires and other rubber products. He made his regular trip to Ausable Forks, and was invited by a friend, Mr. Madden, to spend the night at his residence. In the morning immediately upon arising claimant descended the stairs from the second floor where he had been sleeping and while still in the residence prepared a report which his contract required him to give his employer, concerning the work of the day previous. During the course of its preparation claimant became aware that his host had arisen and, desiring to interview him concerning the credit standing of certain of the customers to whom sales had been or it was contemplated would be made, again ascended the stairs, conversed with his host from whom he generally obtained credit information and while descending fell and was injured.

A reversal is urged under the authority of *Turner* v. *Cathedral Publishing Co., Inc.* (268 N. Y. 656, affg. 243 App. Div. 826); *Davidson* v. *Pansy Waist Co.* (240 N. Y. 584); *Jakeway* v. *Bauer Co.* (218 App. Div. 302); *Harby* v. *Marwell Brothers, Inc.* (235 N. Y. 504, affg. 203 App. Div. 525); *Priestley* v. *Hentz & Co.* (258 N. Y. 618, affg. 234 App. Div. 804.) It is the settled law of this State under the foregoing and other authorities, that a traveling salesman may not be awarded compensation for injuries received while on his trip unless at the time of the injury he is furthering the interest of his employer and that while he is at a hotel or other temporary home for shelter, entertainment and relaxation he is not so engaged. This claimant had ceased to use the Madden residence as a temporary home and it had become his workshop and office. The journey to the second floor to obtain information

as to the credit standing of customers was in the direct course of his employment and for the benefit of his employer. In *Schwimmer* v. *Kammerman & Kaminsky* (262 N. Y. 104) a plant worker received an award for injuries suffered while on the street. His employer had requested that he go to a store and purchase bolts during the lunch hour. After lunching at his home, he went on to the store, purchased the bolts and was injured after he had completed his return journey to a point between his home and the plant.

In *Matter of Johnson* v. *Smith* (263 N. Y. 10) an award was denied an employee who contracted typhoid while eating in a restaurant. The opinion states (p. 13): " He was free to eat at home or anywhere he pleased. During that time he quit work and his course of employment temporarily ceased." The opinion discusses exceptions to that rule and then states: " An equally clear distinction is made when the employee is engaged not only in the personal act of eating but has entered a restaurant for the purpose of promoting the interest of his employer by interviewing prospective customers." *Tannenbaum* v. *Perfect Tailoring Co.* (243 N. Y. 577) is cited as an authority to sustain that doctrine. In the *Tannenbaum* case an award was sustained where the employee " entered a restaurant to interview prospective customers and to eat lunch." Claimant made of the Madden home a temporary residence and also a place where a part of his work was performed. The injury happened while he was engaged in the service of his employer. Within fifteen or sixteen days after the accident claimant telephoned employer's assistant district manager of sales and gave information concerning his injury. The Board was justified in excusing the failure to give written notice.

The award should be affirmed.

CRAPSER, BLISS and HEFFERNAN, JJ., concur; RHODES, J., dissents, on the authority of *Matter of Tafft* v. *Stafford* (266 N. Y. 555); *Davidson* v. *Pansy Waist Co.* (240 id. 584); *Turner* v. *Cathedral Publishing Co., Inc.* (268 id. 656).

Award affirmed, with costs to the State Industrial Board.