In the Matter of the Claim of MAY B. ORAM, Appellant, against BYRON G. MOON CO., INC., et al., Respondents.

STATE INDUSTRIAL BOARD, Appellant.

Argued January 8, 1941; decided March 6, 1941.

*John J. Bennett, Jr., Attorney-General* (*Roy Wiedersum, Joseph A. McLaughlin* and *Isaac Frank* of counsel), for State Industrial Board, appellant.

*William Harvey Smith* for claimant, appellant.

*William B. Davis* and *E. C. Sherwood* for respondents.

LEWIS, J.   The claimant was employed as assistant to the president by The Byron G. Moon Co., Inc., an advertising agency which has its principal office in the city of New York.   According to testimony by the president, the claimant was under a " standard instruction to look after whatever comes up as my assistant in the conduct of our business as a company."   Her time from nine o'clock in the morning until she left " as late as ten or twelve at night   *   *   * [was] entirely at the disposal of the company."   She had a luncheon hour, but the conditions at the office were described as such that her luncheon was " a very movable occasion."

On the day of the accident which befell the claimant she had luncheon at the noon hour with two other employees. One of her companions was the head of the copy and art department, the work of which was carried on at the company's office.   Her other companion was a stylist whose work for the company took her out of the office during business hours, and whose entire time was paid for by a single client of the agency.   The claimant described the noon hour engagement as " a business luncheon on behalf of the company "— a time when these three employees from different departments " had been going over matters that [they] were working on together."   Her statement upon that phase of the case finds support in testimony by the company's president that on the day of the accident the claimant had been asked to meet with the company's stylist to discuss matters which the stylist had undertaken for the single client who engaged her time.   The luncheon engagement thus made had been arranged to include the head of the copy and art department.   Such meetings, according to the president, were in line with the general policy " that these people meet frequently to serve our clients' interests."

The office of the claimant's employer was at No. 401 Broadway, which is on the *westerly* side of the street.   The luncheon attended by the claimant and her two co-employees was at Schrafft's restaurant which is also located on the

*westerly* side of Broadway north of Chambers street and eight blocks south of their employer's office. When the luncheon and conference were at an end the claimant walked across Broadway to the Chambers street office of the Emigrant Savings Bank, where she made a deposit to her personal account. Having accomplished her purpose there she passed northerly through the bank to an exit on Reade street from whence she returned — a distance of less than a city block — to Broadway and proceeded northerly on the easterly side toward her employer's office. She had walked northerly two blocks on the easterly side of Broadway and had reached the southeast corner of Broadway and Thomas street when she fell and sustained the personal injuries which are the subject of her present claim.

The State Industrial Board made an award based upon findings that the claimant's injuries were sustained accidentally while she was returning to her employer's office after a luncheon conference which she attended in the interest of her employer and that such injuries arose out of and in the course of her employment. The Appellate Division, two justices dissenting, reversed the award and dismissed the claim upon the ground that following her luncheon engagement the claimant had attended to a personal errand and that, at the time and place of her injuries, she had not regained the route she would have followed in returning from her luncheon to her employer's office.

There is ample evidence to support the finding by the Industrial Board that the luncheon engagement attended by the claimant was connected with and in furtherance of her employer's business. Her injuries were sustained when she was returning from the luncheon to her employer's office. True it is, that between the time she left the luncheon and the time of her injuries the claimant had walked less than a block east of Broadway to attend to an item of personal banking. But having left the bank she returned directly to Broadway and was proceeding to her employer's office along the *easterly* side of that thoroughfare when she was injured.

We regard it as too narrow a view of the problem to hold, as has the Appellate Division, that the claimant's injuries were non-compensable because she met with accidental harm while returning from a business luncheon to her employer's office on the west side of Broadway by a course which led along the *east* side instead of the *west* side of that thoroughfare. We find no proof from which an inference may fairly be drawn that at the time and place of her injuries the claimant had temporarily abandoned her employment. It was to further the interests of her employer that she had kept her luncheon engagement; it was her employment which caused her, after her personal errand at the bank had been completed, to regain the course along Broadway by which she was to return to her employer's office. We cannot say as matter of law that by reason of a deviation, measured by the width of a city street, the claimant, at the time of her injuries, was not in the course of her employment. (See *Riley* v. *Standard Oil Co.*, 231 N. Y. 301, 304, 306; *Matter of Schwimmer* v. *Kammerman & Kaminsky*, 262 N. Y. 104, 105, 106; *Matter of Graves* v. *Tide Water Oil Sales Co.*, 249 App. Div. 911; affd., 275 N. Y. 583; *Matter of Theyken* v. *Diplomat Products, Inc.*, 243 App. Div. 822; affd., 268 N. Y. 658; *Matter of Gibbs* v. *Macy & Co.*, 214 App. Div. 335; affd., 242 N. Y. 551; *Matter of Harby* v. *Marwell Bros., Inc.*, 203 App. Div. 525; affd., 235 N. Y. 504.)

The findings by the State Industrial Board that the claimant sustained accidental injuries which arose out of and in the course of her employment (Workmen's Compensation Law, § 2, subd. 7, § 10; Cons. Laws, ch. 67) are sustained by substantial evidence.

It follows that the order of the Appellate Division should be reversed, and the award by the State Industrial Board affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.