In the Matter of the Claim of ETHEL TESHNOR, Appellant, against F. E. COMPTON & Co., Employer, and AMERICAN LUMBERMENS MUTUAL CASUALTY COMPANY OF ILLINOIS, Insurance Carrier, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 7, 1942.

*Leo Brady*, for the appellant.

*Arthur O. Talmadge*, for the employer and insurance carrier, respondents.

*John J. Bennett, Jr., Attorney-General*, for the respondent State Industrial Board.

PER CURIAM. Claimant-appellant appeals from a decision of the State Industrial Board which dismissed her claim for compensation on the ground that the accident in which she sustained injuries did not arise out of and in the course of her employment.

Claimant was employed by F. E. Compton & Co., respondent, as an organizer and sales representative. Her work included selling encyclopædias and the interviewing and hiring of saleswomen. She had no regular hours of employment. The contacts with applicants for position as sales representative were made not only at her office and at her residence, but also at various other places, including street cars, subways and railroad stations. Her employer maintained its sales office at the Park Central Hotel, Broadway and Fifty-sixth street, New York city. The executive office of the employer was at Fifth avenue and Forty-second street, about fourteen blocks south of the sales office. Claimant's residence

was at No. 2166 Broadway, near Seventy-sixth street, twenty blocks north of the sales office. The employer-respondent had scheduled a meeting of its employees to be held at seven-thirty o'clock on the evening of the accident at its executive office on Fifth avenue, which meeting claimant was required to attend. Late in the afternoon of the day of the accident, claimant left the Fifty-sixth street office and went to her residence at Seventy-sixth street. At the first hearing before the referee she testified that she went to her residence for the purpose of getting dinner for her husband who was ill. At a subsequent hearing she testified that it was for the purpose of interviewing a prospective saleswoman at a place near her residence. In any event she did go to her residence and thereafter left for the scheduled meeting at the executive office of her employer. Upon leaving her residence and when about to board a street car which would take her directly to the meeting, she slipped and sustained the injuries for which claim for compensation has been made. The accident occurred at Seventy-sixth street, almost immediately in front of her residence.

The Industrial Board dismissed the claim, contending that the injuries were sustained while claimant was on a purely personal mission to her home and did not arise out of and in the course of her employment.

While as a general proposition the Board's finding on a question of fact is final if there be evidence to support the same, it is apparent that in this case such finding was based on the contention that claimant had no appointment that required her to leave her office and proceed to her residence but that the trip was a personal one and was made for the purpose of preparing her husband's dinner and that the injuries resulting from the accident which occurred after she left her residence were not incurred in the course of her employment. We are not impressed with the conclusion reached by the Board. The rule laid down in *Matter of Harby* v. *Marwell Bros., Inc.* (235 N. Y. 504, affg. 203 App. Div. 525), is applicable here. There, as here, claimant was an outside worker and the court held that his work began when he left his home or place of residence. Here, the claimant's work was not limited to her employer's premises and when she left her place of residence for the purpose of attending a meeting scheduled by her employer, at which she and other employees were required to attend, she was performing a required duty and the accident occurred while she was in the course of her employment. (*Matter of Bollard* v. *Engel*, 278 N. Y. 463; *Matter of Christiansen* v. *Hill Reproduction Co.*, 262 App. Div. 379; *Matter of Madelung* v. *Dale Radio Co., Inc.*, Id. 784; affd., 287 N. Y. 556.),

The decision should be reversed and the matter remitted to the State Industrial Board.

HILL, P. J., HEFFERNAN, SCHENCK and FOSTER, JJ., concur; CRAPSER, J., dissents.

Decision reversed and matter remitted to the State Industrial Board.