In the Matter of the Claim of BETTY VAN DE CARR, Appellant, against ESSO STANDARD OIL COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a widow for herself and minor children from a decision of the Workmen's Compensation Board disallowing a claim for death benefits. The decedent, Roger C. Van De Carr, was employed by the Esso Standard Oil Company as a traveling salesman covering territory extending eastward from the city of Syracuse to Sherrill, N. Y., north to the north shore of Oneida Lake, and all of Oswego County. On the afternoon before the accident he was at the Utica plant of the employer, presumably on legitimate business. Thereafter he went on a ride with another salesman, eventually coming to the town of Barneveld, beyond decedent's territory, where they remained some time. There is strong evidence that decedent became intoxicated and there is no evidence that his presence there had anything to do with his employment. On his way back to his home in Syracuse, N. Y., and about three o'clock the following morning, he was fatally injured when his car left the highway and struck a tree. The road he was then on would have been his normal route home had he been returning from business at Utica. Appellants argue that after decedent deviated from his employment he returned to the same when he came back to Utica and took his usual route home, citing *Matter of Graves* v. *Tide Water Oil Sales Corp.* (249 App. Div. 911, affd. 275 N. Y. 583) as an authority. There is some superficial resemblance between the two cases but there is a fundamental distinction. In the *Graves* case the employee was returning from a function in honor of a fellow employee, a function that had some connection with the employer's business and welfare. There is no hard and fast rule that if an employee, after deviating from his employment, returns to his normal route that he then re-enters his employment. Each case must depend upon its own facts. In this case the board was justified in finding that the accident did not arise out of and in the course of decedent's employment. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.