In the Matter of the Claim of SAM SCHWIMMER against KAMMERMAN & KAMINSKY, et al., Respondents. STATE INDUSTRIAL BOARD, Appellant.

(Argued April 11, 1933; decided May 23, 1933.)

*John J. Bennett, Jr., Attorney-General* (*Henry Epstein, John R. O'Hanlon* and *David Winograd* of counsel), for appellant.

*Abraham Greenwald* and *David Winograd* for claimant.

*Jeremiah F. Connor* for Kammerman & Kaminsky, respondent.

LEHMAN, J. The claimant was employed in a machine shop. The belt of a machine at which he was working became loose. There is evidence that his employer directed the claimant to buy some bolts and screws, needed in repairing the belt, during the midday luncheon hour. The claimant was accustomed to go to his home for luncheon. He did so on that day. After luncheon he went to a hardware store, a short distance off his usual route and bought the bolts and screws. With them in his pocket, he retraced his steps and fell on the street near his place of employment. Before that point he had regained the direct way which he was accustomed to take at the noon hour between his home and his place of work.

The evidence permits the inference that the claimant would have been sent out to purchase the screws and bolts if it had not been more convenient to postpone the purchase till the noon hour. As in *Matter of Marks* v. *Gray* (251 N. Y. 90), the claimant was, at the time of the accident, serving a purpose of his own, as well as performing an errand of his employer, but here the work of the employee would, even apart from his private purpose, have compelled him to travel there, while in that case the work of the employee would not have caused him to travel unless he had chosen to do so for his own purpose. The claimant was certainly engaged in an errand for his employer from the time he left his usual way of travel between home and place of work. He did not complete that errand when he regained that way, for his errand required him to bring to his place of work what he had bought. The case differs from *Matter of Carroll* v. *Verway Printing Co.* (254 N. Y. 598) where the claimant not only was carrying out her private purpose but had not begun her errand for her employer.

Since the evidence is sufficient to show that at the time of the accident the claimant was actually engaged in work for which he was employed, even though at the same time he was serving a purpose of his own, the injuries arose out of and in the course of his employment.

The order of the Appellate Division should be reversed and the award of the State Industrial Board reinstated, with costs in this court and in the Appellate Division.

POUND, Ch. J., CRANE, KELLOGG, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., not sitting.

Order reversed, etc.