In the Matter of the Claim of GEORGE CHETNEY, Respondent, against H. A. MANNING COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.

Argued January 6, 1937; decided January 19, 1937.

George R. Fearon, Gordon H. Mahley, Henry R. Follett and M. Harold Dwyer for appellant. The accident did not arise out of and in the course of the claimant's employment and he was not actually within the scope of his employment at the time of the accident. (Matter of Lansing v. Hayes, 196 App. Div. 671; 233 N. Y. 614; Matter of Grathwohl v. Nassau Point Club Properties, Inc., 216 App. Div. 107; 243 N. Y. 567; Matter of Marks v. Gray, 251 N. Y. 90; Van Gee v. Korts, 252 N. Y. 241; Matter of Barber v. Harvey & Eddy Co., 265 N. Y. 661; Matter of Turner v. Cathedral Pub. Co., 268 N. Y. 656; Matter of Clark v. Voorhees, 231 N. Y. 14; Matter of Carroll v. Verway Printing Co., 254 N. Y. 598; Matter of Johnson v. Smith, 263 N. Y. 13; Matter of Conrad v. Meldrum Motor Corp., 250 N. Y. 564; Matter of Priestley v. Hentz & Co., 258 N. Y. 618; Matter of Chase v. Certain-Teed Products Corp., 206 App. Div. 806; Matter of Welby v. Pearson, 218 App. Div. 798; Matter of Pflug v. Roesch & Klinck, 256 N. Y. 564.) The Appellate Division erred in making a finding of fact which was contrary to that found by the State Industrial Board. (Cons. Laws, ch. 67, § 20; Matter of Glielmi v. Netherland Dairy Co., 254 N. Y. 60; Matter of Burmester v. DeLucia, 263 N. Y. 315; Matter of Summers v. Mohawk Valley Roofing Co., 245 App. Div. 412; Matter of Strand v. Harris Structural Steel Co., 234 App. Div. 341; Matter of Freudenfeld v. Stein & Co., 245 App. Div. 885; 271 N. Y. 548.)

Kirke M. White for claimant, respondent. The accident to respondent arose out of and in the course of his employment. (Matter of Theyken v. Diplomat Products Co., 243 App. Div. 822; 268 N. Y. 658; Matter of Harby v. Marwell Bros., Inc., 203 App. Div. 525; 235 N. Y. 504; Matter of Fronce v. Prosperity Co., 255 N. Y. 613; Matter of Gibbs v. Macy & Co., 214 App. Div. 335; 242 N. Y. 551; Matter of Crowell v. American Fruit Growers, Inc., 253 N. Y.

543; *Roberts* v. *Newcomb & Co.*, 201 App. Div. 759; *Matter of Goater* v. *D'Olier*, 198 App. Div. 959; *Matter of Fuld* v. *Solomon Co.*, 197 App. Div. 911; *Matter of Habbershaw* v. *Shepard Co.*, 197 App. Div. 910; *Matter of Hospers* v. *Hungerford-Smith Co.*, 194 App. Div. 945; 230 N. Y. 616.) The findings of the Industrial Board must be read in the light of the evidence. (*Matter of Gleisner* v. *Gross & Herbener*, 170 App. Div. 37; *Matter of Rheinwald* v. *Builders' Brick & Supply Co.*, 168 App. Div. 425.)

CRANE, Ch. J. The claimant was hired on a salary and commission to solicit and secure advertisements to be published by his employer in directories for sale and use in designated towns and some small cities. The memorandum decision of the State Industrial Board states that the claimant on November 16, 1930, had no work to perform outside the city of Ithaca. He lived in Fulton, some miles distant from Ithaca, and left the latter place in his automobile on Saturday to spend the week-end at home. The following day, Sunday, November 16, 1930, he left Fulton at about four-thirty P. M. in his car and started back to Ithaca, his place of employment, to keep an alleged appointment with a prospective customer on that evening. After stopping at Syracuse to make a social call and while proceeding on the public road to Ithaca, his car overturned and he was badly hurt. When employed in the territory to which he was assigned, the claimant was allowed only such traveling expenses as would be incurred in using street cars and buses. When assigned to extra work away from his territory, he was allowed railroad fare. Week-end trips to his home were on his own and at these times he was not subject to the orders of his employer, nor was he reimbursed for any expenses incurred thereby.

There is ample evidence to sustain these conclusions. The findings of fact follow in substance this memorandum decision, the third finding being: " George Chetney did not sustain an accidental injury arising out of and in the

course of his employment. He was not acting in the scope of his employment when he made a trip to Fulton. Such a trip was to his own personal interest; he had no work to perform in Fulton."

The conclusion of law was: " This claim does not come within the provisions of the Workmen's Compensation Law."

The Appellate Division has reversed these findings and reinstated an award previously made by the referee and set aside by the State Industrial Board. In so doing the Appellate Division has substituted its judgment on the evidence for that of the Board, which it cannot do; it cannot review the facts. There being evidence to sustain the decision, the Appellate Division was without power to reverse. (*Matter of Dubinsky* v. *Kofsky,* 266 N. Y. 631.) " The decision of the board shall be final as to all questions of fact * * *." (Workmen's Compensation Law [Cons. Laws, ch. 67], § 20.)

Taking the evidence, however, most favorable to the claimant, he did not bring his trip within the scope of his employment as matter of law. (See *Matter of Grathwohl* v. *Nassau Point Club Properties, Inc.,* 243 N. Y. 567.) This is not the case of a traveling salesman or agent, nor is it a case where transportation was part of the contract of employment. (*Matter of Theyken* v. *Diplomat Products, Inc.,* 268 N. Y. 658; *Matter of Kowalek* v. *New York Consolidated R. R. Co.,* 229 N. Y. 489.)

The order of the Appellate Division should be reversed and the determination of the State Industrial Board affirmed, with costs in this court and in the Appellate Division.

O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur; LEHMAN and FINCH, JJ., taking no part.

Ordered accordingly.