In the Matter of the Claim of CARRIE B. BENNETT, Respondent, against MARINE WORKS, INC., et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Argued March 4, 1937; decided April 20, 1937.

*James P. Allen, Jr., Ralph W. Nolan* and *John P. Smith* for appellants. The accident did not arise out of and in the course of the employment. (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148; *Matter of Chetney* v. *Manning Co.*, 273 N. Y. ——; *Matter of Kowalek* v. *New York Cons. R. R. Co.*, 229 N. Y. 489.)

*John J. Bennett, Jr., Attorney-General* (*Leon Freedman* of counsel), for State Industrial Board, respondent. The accidental injuries resulting in the death of the employee arose out of and in the course of his employment. (*Matter of Theyken* v. *Diplomat Products, Inc.*, 243 App. Div. 822; 268 N. Y. 658; *Matter of Gibbs* v. *Macy & Co.*, 214 App. Div. 335; 242 N. Y. 551; *Matter of Harby* v. *Marwell Bros., Inc.*, 203 App. Div. 525; 235 N. Y. 504; *Matter of Goater* v. *D'Olier*, 198 App. Div. 959; *Matter of Crowell* v. *American Fruit Growers, Inc.*, 253 N. Y. 543; *Matter of Jakeway* v. *Bauer Co.*, 218 App. Div. 302; *Matter of Harvey* v. *Bakers & Consumers Compressed Yeast Co.*, 244 App. Div. 838.)

FINCH, J. Frank C. Bennett, the husband of the claimant, was employed by the defendant, the Marine Works, Inc., as an outside salesman, estimator and supervisor of repairs. His work involved visiting ships at docks in New York, Philadelphia and other cities. The company paid Bennett's traveling and entertainment expenses, but he paid for his own commutation ticket on the Lackawanna Railroad between East Orange, where he lived, and New York city, where the employer's office was located. He had no regular hours of employment, and did not have to report to the office of the employer before commencing work. When he reported to the office he normally would take a train which left

East Orange after eight A. M. On the morning of the accident he left his home planning to take a train which was to leave shortly after seven A. M. and go directly to a ship docked in Brooklyn to supervise the installation of a food chopper. At the East Orange railroad station he was struck and killed by a train. The Industrial Board found that he was in the course of his employment at the time of the accident, and granted an award. The Appellate Division has affirmed unanimously.

The appellants contend that the deceased did not enter into the course of his employment until he deviated from the usual route which he would take in going to the New York office, or, at least, until he reached the New York city station of the Lackawanna Railroad.

The rule that employees do not enter into the course of their employment until they reach the premises or the entrance to the premises of their employer of necessity has been subject to exceptions. Distinction has been made between employees whose work is done on the premises, or so-called inside employees, and outside employees, whose work is of such nature that they have no fixed place in which their work is done. Examples of the latter are traveling salesmen, collectors and solicitors. Naturally, such employees spend considerable of their time in traveling from customer to customer. When injured in so doing, it cannot be said that they are not in the course of their employment. Following the liberal approach in dealing with this branch of the law, the decisions have gone further and have held that employment begins when travel from home towards the first customer commences. So such employees, if they are not required to report first to the office of their employer, are held to be within the course of their employment from the time they leave their home, or the place where they passed the night, with the intention of going directly to visit a customer.

In *Harby* v. *Marwell Bros., Inc.* (203 App. Div. 525; affd., 235 N. Y. 504), it was held that a traveling sales-

man, who was injured on the way from his home to the station, was in the course of his employment. Similarly, awards have been affirmed where a salesman was killed while on the way from his home to telephone to a prospective customer (*Matter of Ryan* v. *Cole, Inc.*, 266 N. Y. 561), and where a salesman was killed *en route* from his home to his office with a package belonging to his employer. (*Matter of Harvey* v. *Bakers & Consumers C. Y. Co.*, 244 App. Div. 838; leave to appeal denied, 268 N. Y. 725.) Compensation also has been granted in the converse situation where salesmen were on their way home from visiting customers, or from the office of their employer. (*Matter of Theyken* v. *Diplomat Products, Inc.*, 268 N. Y. 658. Cf. *Matter of Fronce* v. *Prosperity Co.*, 255 N. Y. 613; *Matter of Faulkner* v. *Stratton-Amsterdam Corp.*, 245 N. Y. 542.)

Inside employees are held to be in the course of their employment while on the way to work if they have been instructed by the employer to perform an errand before reporting at the office or factory, but such employees would not seem to enter into the course of their employment until they deviate in the performance of such an errand from the usual route followed in going to the place of employment. (*Matter of Schwimmer* v. *Kammerman & Kaminsky*, 262 N. Y. 104. See *Matter of Marks* v. *Gray*, 251 N. Y. 90; *Matter of Carroll* v. *Verway Printing Co.*, 254 N. Y. 598.) The rule for inside employees cannot be applied fairly to outside employees who have no fixed place of employment to which they report daily, and accidental injuries to such employees are compensable if they occur after they start out with the intention of going directly to the place where they will engage in their work, unless the accident occurs before they leave their home. (*Matter of Turner* v. *Cathedral Pub. Co.*, 268 N. Y. 656; *Matter of Tafft* v. *Stafford*, 266 N. Y. 555.)

In *Matter of Freudenfeld* v. *Stein & Co.* (271 N. Y. 548), relied upon by the appellants, the claimant was injured

while going from his home to New York city. On conflicting testimony as to where he planned to go upon arriving in New York city, the Industrial Board made findings that he was not within the course of his employment at the time of the accident, and since there was some evidence to support such findings, the Appellate Division and this court affirmed. In *Matter of Chetney* v. *Manning Co.* (273 N. Y. 82) the Industrial Board denied an award on the ground that the claimant was not in the course of his employment since the accident occurred while the claimant was making a trip in his own personal interests. This court set aside a reversal by the Appellate Division (246 App. Div. 870) since the findings of fact of the Industrial Board had some support in the evidence and, therefore, were binding upon the Appellate Division.

In the case at bar the Industrial Board has found in favor of the claimant. The deceased was an outside employee, with no fixed place of employment, his work taking him to docks in New York city, Philadelphia and other cities. He did not report to the office of the employer before commencing work. Under such circumstances, we cannot disturb the finding of the Industrial Board that he was within the course of his employment at the time of the accident, which occurred while he was *en route* from his home to a dock in Brooklyn.

The order should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur.

Order affirmed.