CITY OF SCHENECTADY, Respondent, v. ROBERT J. LANDON, Individually and as Executor, etc., of JUDSON S. LANDON, Deceased, as Executor, etc., of EMILY A. LANDON, Deceased, and as Administrator, etc., of WILLIAM P. LANDON, Deceased, and WILLIAM K. LANDON, Appellants, and Others, Defendants.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Application of Dr. ALEXANDER NESHAMKIN, Petitioner, Appellant, for a Review under Article 78 of the Civil Practice Act of the Determination of THE BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondents, Suspending Petitioner's License to Practice Medicine.— Motion for leave to appeal to the Court of Appeals denied, without costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of CHARLES H. HENDERSON and Others, Respondents, against CUSHMAN'S SONS, INC., Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of the State Industrial Board to the mother and father, and two brothers, held to be dependents upon the deceased. The mother and father both received contributions towards their support from the deceased directly, and supplies which were received by the mother were expended by her for the general family purposes, both food and clothing and otherwise. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of LAFAYETTE E. STRATTON, Respondent, against BROOME COUNTY HIGHWAY DEPARTMENT and COUNTY OF BROOME, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award. Claimant was employed to repair and operate a steam shovel. On the day before his injury repairs became necessary and were not completed at the time he ceased working. The next morning, while returning from his home he brought with him tools, some of which he obtained from the county garage and some from his own premises. These were necessary to continue the repairs. *En route* to the place where the shovel was located he was injured. He made his own decisions as to repairs and the necessity for tools and implements. The journey from his home, with the tools in his car, was made in the interests of his employer. (*Matter of Schwimmer v. Kammerman & Kaminisky*, 262 N. Y. 104.) Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

JOHN G. M. HILTON, Respondent, v. JOHN E. MACK and JOHN C. WATSON, as Trustees under the Trust Created by JOHN G. M. HILTON for the Benefit of MADELINE S. HILTON (Now MADELINE S. GASTON) and MAUDE S. HILTON, Respondents. MADELINE S. GASTON, Individually and as Guardian of the Person and Estate of MAUDE S. HILTON, an Infant, and MAUDE S. HILTON, an Infant, by JAMES E. CARROLL, Guardian ad Litem, Appellants.— Order reversed, on the law and facts, on consent, with fifty dollars costs and disbursements. Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ., concur.