In the Matter of the Claim of DENNIS SHEEHAN, Appellant, against BOARD OF TRUSTEES OF THE VILLAGE OF SCHUYLERVILLE, Employer, and GLENS FALLS INDEMNITY COMPANY, Insurance Carrier, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 18, 1939.

*Leary & Fullerton* [*Walter A. Fullerton* of counsel], for the appellant.

*Straub & Hughes* [*J. Vanderbilt Straub* of counsel], for the respondents Trustees of the Village of Schuylerville and Glens Falls Indemnity Company.

*Joseph A. McLaughlin, Counsel, State Department of Labor.*

*John J. Bennett, Jr., Attorney-General.*

BLISS, J. This claim has been disallowed by the State Industrial Board on the ground that the accidental injuries of the appellant did not arise out of and in the course of his employment. Dennis Sheehan was employed as a street laborer by the village of Schuylerville. Upon quitting work at about eleven-forty-five A. M. on October 16, 1937, his immediate superior, the acting street commissioner of the village, let him out of a village truck at the southeast corner of Broad and Saratoga streets and told him he would pick him up at that corner at a quarter to one. Sheehan usually reported for work at the village pumping station. After lunch he followed the route which he usually took in going from his home to the

pumping station as far as the southwest corner of Broad and Saratoga streets and then started to cross Broad street to the southeast corner where, in accordance with the direction previously given to him, he had been ordered to report. While thus proceeding across Broad street, he was struck by an automobile and injured.

Ordinarily a plant worker injured while on the way to work is not within his employment until he reaches the employer's premises. Where transportation to work by the master is part of the contract of employment, then " The work commences when the employee enters the conveyance, and the journey is an incident to the employment." (HUBBS, J., in *Van Gee* v. *Korts*, 252 N. Y. 241.) The rule is different, however, as to outside employees whose work is not limited to a fixed place. Of this latter group Judge FINCH of the Court of Appeals recently said: " Following the liberal approach in dealing with this branch of the law, the decisions have gone further and have held that employment begins when travel from home towards the first customer commences. So such employees, if they are not required to report first to the office of their employer, are held to be within the course of their employment from the time they leave their home, or the place where they passed the night, with the intention of going directly to visit a customer." (*Bennett* v. *Marine Works, Inc.*, 273 N. Y. 429.)

Even a plant worker who on his way to work performs an errand for his employer, re-enters his employment before arriving at the plant. The test seems to be whether at the time of the accident his work compelled him to travel there. (*Schwimmer* v. *Kammerman & Kaminsky*, 262 N. Y. 104.) This is in accord with the English rule laid down by Lord SANKEY in *Anderson* v. *Hickman & Co., Ltd.* (21 B. W. C. C. 369), and cited with approval by Judge HUBBS in *Van Gee* v. *Korts* (*supra*), viz.: " Where the workman has not arrived at his employer's premises or has left them, he must show that he was under an obligation to his employer to be where he was at the time of the accident."

But an employee cannot always be categorically classified as a " plant " or " non-plant " worker. His employment may partake of the nature of both. (*Gibbs* v. *Macy & Co., Inc.*, 214 App. Div. 335; affd., without opinion, 242 N. Y. 551.) The present claimant worked at various places in the village and at no permanently fixed point. As a street laborer his duties were not confined to any particular place or plant. When there were emergency jobs to do the acting street commissioner would pick him up and take him to the job. This day there was a rush job that had to be finished. He was following the orders of his employer at least from the point where he deviated from the route that he usually followed in going to

work and started across Broad street toward the point where he had been instructed to report. Had he been traveling about the village from one job to another or going directly from home to this outside job, he clearly would have been within the course of his employment. That the street commissioner was to transport him part of the way does not alter the fact that it was the employer's instructions and business that brought him to this particular place of danger. Without this obligation to his employer he would not have been there. He was on his master's business, doing his employer's bidding and acting in his employer's interest when the accident happened.

The Industrial Board has found not only that the injuries sustained by Sheehan did not arise out of his employment but also that the accident happened outside of his hours of employment. The appellant fixed the time of the accident as between a quarter of one and one o'clock while his immediate superior said that he himself had left the pumping station some distance away with the truck at "about a quarter to one, maybe a couple of minutes after, or a minute or so before," and that he arrived at the appointed place just a few minutes after it happened. Claimant also said that he never took a full hour for lunch, never had a specified time for his lunch hour and that he got his lunch when he could. Thus if the exact time of the happening of the accident is material it would seem that the evidence strongly indicated a time within claimant's working hours.

The decision should be reversed on the law and the matter remitted to the State Industrial Board, with costs to the claimant against the Industrial Board.

HILL, P. J., and RHODES, J., concur; McNAMEE, J., dissents, with an opinion, in which CRAPSER, J., concurs.

McNAMEE, J. (dissenting). The Industrial Board found that at the time the claimant was injured, he was "returning from lunch at his home, to the street corner where he was to board the employer's truck to proceed to his employment." It found also that the time of the accident was "outside of the hours of the claimant's employment and his act in returning from lunch" was not in the business of the employer. For these reasons compensation was denied.

The time of the accident and the place of the injury were clearly questions of fact, and these have been decided by the Board upon evidence that supports the conclusion reached.

Although the claimant worked on the streets of the village at points where there was need, he was not going about the streets,

like a traveling salesman, looking for work to do. His place to work at the time in question was fixed. The claimant knew where he was going to work, and had orders accordingly. Also, the employer provided transportation from a fixed point to the work place. The claimant was neither at the work place, nor had he reached the vehicle of transportation. At the time of injury he was a free agent to do as he liked, and had no intention or obligation to serve the employer at the time and place of injury. The claimant was not a traveling worker, nor was he doing any errand for the employer; and, accordingly, such cases as *Bennett* v. *Marine Works, Inc.* (273 N. Y. 429) and *Schwimmer* v. *Kammerman & Kaminsky* (262 id. 104) have no application.

If it can be said, in view of the findings, that the claimant was in his employment while crossing the street to the point where he was to board the truck, it may be said with equal truth that he was in his employment when he left his own dooryard. Of course, that would make him a traveling worker. He had been ordered to report at a given place, for transportation to a place where he was ordered to work. He had reached neither place. The decision should be affirmed.

CRAPSER, J., concurs.

Decision reversed, and matter remitted to the State Industrial Board, with costs to the claimant against the Industrial Board.