In the Matter of the Claim of DOROTHY CORNELIUS O'KEEFE, Respondent, against A. FRIEDERICH & SON and STATE INSURANCE FUND, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The employer and carrier appeal from an award of death benefits. Decedent, a resident of Auburn, was employed as time-keeper and clerk by a contractor on work in the town of Wyoming, Wyoming county, N. Y. On Friday he received the pay envelopes of all the employees and distributed all except one belonging to Jones, the night watchman. On Friday afternoon at about four-thirty o'clock, as was his custom, he drove his automobile to his home in Auburn intending to return on the following Monday morning. He paid his own expenses on these trips. En route to his home he stopped at Jones' residence on the outskirts of Wyoming but did not deliver the envelope as Jones was absent. He intended to stop there again upon the return trip Monday. He received the injuries from which he died at Canandaigua on the return trip. The car he was driving collided with another car. Canandaigua is approximately forty miles from Wyoming. The award was improperly made. (Matter of Marks v. Gray, 251 N. Y. 90; Matter of Carroll v. Verway Printing Co., 254 id. 598; Matter of Torres v. Criterion Concessions, Inc., 259 App. Div. 770.) Translating the negative doctrine announced in Matter of Schwimmer v. Kammerman & Kaminsky (262 N. Y. 104) into an affirmative one, claimant was engaged in his private business and pleasure after he left the Jones residence on Friday and would have been so engaged until he returned to that point on his way back to work. Award reversed and claim dismissed. Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ., concur.

In the Matter of the Claim of HAROLD HAWKINS, Appellant, against HOTEL STATLER and SPECIAL FUND FOR REOPENED CASES UNDER SECTION 25-a, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Decision reversed, with costs, and claim remitted to the State Industrial Board upon the ground that the record shows a hearing commissioner considered a report not in evidence. Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ., concur.

In the Matter of the Claim of YETTA STAPHOLTZ, Respondent, against ROTHMAN COMPANY and SPECIAL FUND FOR REOPENED CASES UNDER SECTION 25-a, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of death benefits under the Workmen's Compensation Law. On October 12, 1929, decedent became disabled from benzol poisoning and a resultant aplastic anemia contracted in his employment with this employer and which disability continued until January 21, 1931. For this disability he was awarded and paid compensation. On January 10, 1938, he applied for a reopening of his case on the ground that he was again suffering from the benzol poisoning contracted in 1929 and on March 31, 1938, he died from aplastic anemia resulting from benzol poisoning. Appellants contend that the record is devoid of evidence relating the death to the exposure of 1929. This application was reviewed by three members of the State Industrial Board and the award was concurred in by two of the members although the appellants had asked for a review by the full Board. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.