In the Matter of the Claim of JOHN TABER, Respondent, against MITCHELL J. ABRAHAM et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by an employer and its insurance carrier from a decision and award of compensation for injuries and disability. Claimant, a boy 12 years of age at the time of his accident, was employed as a newspaper delivery boy, and the employer was engaged in the business of distributing a newspaper known as the *Herald Journal* and published in Syracuse, N. Y. The accident happened in Seneca Falls, N. Y. Claimant had a regular route which included several streets. It is said that he was required to use a bicycle but the proof merely indicates that he used a bicycle. There is no testimony that he was required by the employer to use such a conveyance, but it may be inferred that his delivery work made a bicycle desirable if not necessary. Claimant picked up the papers he was to deliver each weekday at his employer's office at 12:30 or 12:45 P.M. On the day the accident happened, which was during the summer vacation period, he went on his bicycle to a baseball field

to practice under the auspices of Little League. After practice was finished and about 12:30 P.M. he left the field and started on his bicycle to his employer's office to pick up his newspapers for delivery. He testified that he took his usual and shortest route to the employer's office. While on the way, and while turning to avoid an automobile, his bicycle skidded and he fell to the ground, sustaining injuries in the nature of a fracture to the distal end of his right femur and an injury to his epiphysis. For those of us who were brought up on the Horatio Alger tradition every consideration of sentiment would dictate that a newsboy should be entitled to benefits if Workmen's Compensation Law can be stretched that far, but this case, small as it may be compared with the aggregate and important as it is to the boy, presents rather far-reaching implications. There must be some limit of liability on the part of an employer in a case such as this. An employer can hardly be justly held liable for every accident that may happen to an employee on a bicycle, boy or man, on the theory that at some point in his wandering about town during the course of a morning he heads towards the place where his work is to really begin at mid-noon. Much has been said about outside workers, and the cases are legion on the subject, but none of them cover this situation. In this case we are constrained to hold that claimant did not become an outside worker, and was not within the ambit of his employment until he picked up his papers for delivery, or was engaged in collecting from customers. Before that time he was free to go and do as he pleased, and after the delivery of the papers he had the same freedom. To hold otherwise places the area of employment in so vague and indefinite field that it cannot be factually determined with any precision whatever. Award reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.