## (December 18, 1964)

■ In the Matter of the Claim of JOSEPH MAHAR, Appellant, v. HILLS BAKING COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— MEMORANDUM BY THE COURT. Appeal by claimant from a decision of the Workmen's Compensation Board disallowing his claim for compensation benefits on the ground that his injury did not arise out of and in the course of employment. Claimant, a bakery foreman whose usual eight-hour workday at the plant began at 2:00 P.M., was injured in an early morning motor vehicle collision while en route from his home to his place of employment in his own automobile. It is the general rule that the risks of such travel are not risks of employment. (*Matter of De Voe* v. *New York State Rys.*, 218 N. Y. 318.) The evidence adduced by claimant, which if credited by the board conceivably might have brought the claim within the ambit of compensability as an exception to the general rule, was sharply contradicted by the proof of the employer and presented only a question of credibility for resolution by the board. (*Matter of Manolakis* v. *Edison S. S. Corp.*, 15 A D 2d 845.) Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.

■ In the Matter of the Claim of VIOLA E. FAUST, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, et al., Respondents.— MEMORANDUM BY THE COURT.— Claimant, a laboratory technician, appeals from a decision of the Unemployment Insurance Appeal Board disqualifying her from receiving unemployment insurance benefits. Whether claimant voluntarily left her employment without good cause vis-a-vis the contention that a quit was induced by the artifice of the employer presented a factual issue exclusively within the competence of the board to determine. There is substantial evidence to support its decision. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.

■ In the Matter of the Claim of HERBERT LAWRENCE, Appellant, v. JOHN E. WHEELER et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. — MEMORANDUM BY THE COURT. The claimant appeals from a decision of the Workmen's Compensation Board which determined that there was no employer-employee relationship. The board found that the claimant and one Ruping filed a written certificate of partnership and that they thereafter entered into a contract with John E. Wheeler to do carpentry work for him on houses being constructed; that on each house erected there was a separate contract and the agreed price was paid on a weekly basis. The board further found that the claimant furnished his own tools and made his own social security and income tax payments. These determinations were factual and there is substantial evidence in the record to sustain the findings. The circumstances that in a somewhat similar relationship the board found in favor of the claimant is not decisive. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.