In the Matter of the Claim of LILLIAN SHAFRAN, Respondent, *v.* BOARD OF EDUCATION, CENTRAL SCHOOL DISTRICT No. 1, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 3, 1966.

*Bernard F. Farley* and *Joseph M. Soviero* for appellants.

*Markhoff, Gottlieb & Harkins* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General (Morris N. Lissauer* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

REYNOLDS, J.   The employer and its carrier appeal from a decision and award of the Workmen's Compensation Board on the grounds that the accident involved did not arise out of and in the course of employment.

On Monday, January 8, 1962 claimant, a remedial reading teacher, was injured in an automobile accident as she was driving to work.  The board found that the accident occurred within the scope of her employment on the ground that she " was required as part of her employment to use her personal automobile, and that the use of her own car in coming to and from work became a necessary part of the employment."  The board could find that claimant because of her teaching specialty, taught at two different schools six to eight miles apart, and was required on the date of the accident to teach at one school and later proceed to the other school for a faculty meeting. Further, the board could find that there was no convenient public transportation available to carry her between these locations. Thus there is little question that if the accident occurred while claimant was traveling between schools it would be compensable. But it occurred on the way to work and thus the propriety of the board's decision is not so readily resolved.  As a general rule, an employee does not enter into the course of his employment until he reaches the premises of his employer (e.g., *Matter of Bennett* v. *Marine Works,* 273 N. Y. 429; *Matter of De Voe* v. *New York State Rys.,* 218 N. Y. 318).  While this general rule is subject to a number of well-recognized exceptions, claimant in the instant case does not readily bring herself within their purview.  For example, despite her two job locations she is probably not an outside employee (cf. *Matter of Theyken* v. *Diplomat Prods.,* 268 N. Y. 658; *Matter of Harby* v. *Marwell Bros.,* 203 App. Div. 525, affd. 235 N. Y. 504; *Matter of Fonze* v. *Stuyvesant Oil Burner Corp.,* 10 A D 2d 761), nor was she undertaking a special errand (e.g., *Matter of Rapp* v. *Furniture Express,* 16 A D 2d 855; *Matter of Mason* v. *New York Abstract Co.,* 11 A D 2d 569), nor did the employer provide travel facilities or pay for her travel expenses (e.g., *Matter of Rapp*

v. *Furniture Express, supra*). Additionally, there is language appearing in some cases that workers who must first report to a place of business before they begin their outside travels and check out at the same place at night are not covered during their travel to and from work (see *Matter of Bennett* v. *Marine Works*, 273 N. Y. 429; *Matter of Blackley* v. *City of Niagara Falls*, 284 App. Div. 51; *Matter of Sheehan* v. *Board of Trustees of Vil. of Schuylerville*, 256 App. Div. 148). On the other hand, Larson in his work suggests that travel to and from employment is within the course of employment where '' the obligations of the job reach out beyond the premises, make the vehicle a mandatory part of the employment environment, and compel the employee to submit to the hazards associated with private motor travel, which otherwise he would have the option of avoiding.'' (1 Larson, Workmen's Compensation, § 17.50.) Claimant by the nature of her employment duties was required to have her motor vehicle available at her employment situs and thus the board could find that her travel while driving to her employment situs was a risk of employment.

The decision should be affirmed.

GIBSON, P. J., HERLIHY, TAYLOR and AULISI, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.