In the Matter of the Claim of THAD MARCINIAK, Appellant, *v.* BERLITZ SCHOOL OF LANGUAGES et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 7, 1974.

510

*Isadore Kupfer* (*Joseph Levine* of counsel), for appellant.

*Philip J. Caputo* for Berlitz School of Languages and another, respondents.

*Louis J. Lefkowitz, Attorney-General* (*Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

GREENBLOTT, J. This is an appeal by the claimant from a decision of the Workmen's Compensation Board, filed December 8, 1972.

Claimant was employed by the Berlitz School of Languages as a French teacher. On September 22, 1971 at 5:15 P.M., claimant finished teaching at the employer's Rockefeller Center location and traveled by taxicab to the Hospital for Special Surgery where he conducted a class. Upon completing his teaching assignment, claimant left the hospital at approximately 8:15 P.M. and was injured on his way home.

The undisputed evidence in this case required a finding by the board that the claimant was both an inside worker on those days when he was assigned to teach classes at the employer's school at Rockefeller Center on 40 West 53rd Street, New York, New York, and an outside worker on the evenings when he was assigned to teach classes at the Research Building at the Hospital for Special Surgery on East 71st Street, adjacent to F.D.R. Drive.

The facts are quite similar to those in *Matter of Gibbs* v. *Macy & Co.* (214 App. Div. 335, affd. 242 N. Y. 551). In that case, claimant was a store detective who ordinarily labored in the employer's store from nine to six. On occasions it became necessary for her to attend court in various localities to give testimony in shoplifting cases. On the day in question, after attending court, claimant was injured when she was struck by a motorcycle while she was on her way home. Our court affirmed an award of compensation on the ground that claimant was in the

course of her employment when she was on her homeward journey. We said, "the return journey, upon which she was injured, would not have been taken except for an obligation of her employment" (*Matter of Gibbs* v. *Macy & Co., supra,* pp. 336–337).

Thereafter, in the leading case of *Matter of Pasquel* v. *Coverly* (3 A D 2d 346, revd. on other grounds 4 N Y 2d 28) we affirmed an award for death benefits on the following facts. Decedent, ordinarily employed as a bookkeeper at the employer's office in White Plains, was directed to go to the employer's office in Kingston to explain certain bookkeeping procedures to the employer's agents there. On his way home at five o'clock in the morning the next day, his car left the road causing him to sustain the injuries which led to his death. Our court reasoned that the trip from decedent's home in Elmsford to his employer's Kingston office was in the course of his employment. Thus, the return journey would "be its 'necessary counterpart' and equally within the employment (*Matter of Gibbs* v. *Macy & Co.,* 214 App. Div. 335, 336, affd. 242 N. Y. 551)" (*Matter of Pasquel* v. *Coverly, supra,* p. 349).

In *Pasquel* appellant stressed that decedent was a bookkeeper and not ordinarily an outside employee and that the return trip was to have been made to his home at Elmsford rather than to the office in White Plains. This argument was rejected by the court. Judge GIBSON wrote "for the time being at least, decedent was an outside employee * * * He was necessarily subject to the same hazards of travel on that day as would have been any employee regularly employed off the premises and working out of his home, and was entitled to the same protection" (*Matter of Pasquel* v. *Coverly, supra,* p. 349). The same reasoning applies to the case at bar.

We recently had occasion to consider another case where the facts were somewhat similar. In *Matter of Bump* v. *Central School Dist. No. 3* (40 A D 2d 243, affd. 34 N Y 2d 577), decedent, a teacher, was permitted to attend a course at Briarcliff College. He was killed when his automobile was involved in a collision while he was returning from the college to his home. The board held that decedent's accidental death did not arise out of and in the course of his employment. We reversed in a unanimous decision. Presiding Justice HERLIHY stated (p. 245): "the fact that decedent was not an outside employee is immaterial. Since the trip to Briarcliff was in the course of his employment, the return trip, during which the fatal accident took place, was also within the course of his employ-

ment.'' Similarly, there is no question but that the claimant became an outside employee when he left his employer's school and proceeded to the Hospital for Special Surgery. He received compensation for the transportation expenses and, while at the hospital, was in the course of his employment, pursuing the employer's business.

The decision should be reversed, with costs, and the matter remitted for further proceedings not inconsistent herewith.

HERLIHY, P. J. (dissenting). The board found: "Upon review of the record the majority of the Board Panel finds, based on the evidence and the testimony, that the claimant was paid travel expense from the employer's place of business to an outside teaching assignment. The majority of the Panel finds that the claimant completed his teaching assignment, had left the premises, and was on a public thoroughfare when the accident occurred. The majority of the Panel finds that the accident did not arise out of and in the course of employment.''

There is substantial evidence in the record to sustain the finding of the board.

The decision should be affirmed.

STALEY, JR., and COOKE, JJ., concur with GREENBLOTT, J.; HERLIHY, P. J., and MAIN, J., dissent and vote to affirm in an opinion by HERLIHY, P. J.

Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith.