RICHARD BIRDSALL, Respondent, *v.* DOLORES PETERS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 14, 1974.

*Brown, Maloney, Gallup, Roach & Busteed (Arthur J. Maloney* of counsel), for appellants.

*Lipsitz, Green, Fahringer, Roll, Schuller & James* for Richard Birdsall, respondent.

*Louis J. Lefkowitz, Attorney-General (Jorge L. Gomez* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

MAIN, J. This is an appeal by the employer and her insurance carrier from a decision of the Workmen's Compensation Board, filed August 16, 1973, which found that claimant had sustained a compensable accident arising out of and in the course of his employment and was, therefore, entitled to an award of compensation.

Claimant was 16 years old and employed as a newspaper boy when, on June 13, 1972, he suffered a fractured skull in a fall from his bicycle. The mishap occurred on a rainy day while he was on direct route from his home to pick up his papers for delivery and, thereafter, he could not remember what had caused him to fall. While his employer knew that he utilized his bicycle in the performance of his duties, she did not require such use, but did instruct him that deliveries should be completed by 6:00 P.M. After a hearing on the matter, a Referee awarded claimant $156 for lost wages and directed that his doctor's bill be paid with the case continued for one year for medical reports. It is the board's affirmance of this decision which is challenged on this appeal.

In arguing for a reversal of the board's decision, appellants contend that claimant's injury occurred while he was traveling to work and, thus, was not incurred in the course of his employment and that there was no proof of accident within the contemplation of the Workmen's Compensation Law. We find both arguments to be without merit.

As to whether or not claimant's injury was incurred in the course of his employment, we find *Matter of Flynn* v. *Newsday* (28 A D 2d 1053, mot. for lv. to app. den. 20 N Y 2d 648), wherein this same question was answered in the affirmative, to be the controlling precedent. There, as here, a newspaper boy was injured while riding his bicycle directly from his home to his pickup station. Approximately the same number of papers was involved, and while both employers were aware of the use of bicycles by the boys, such use was apparently not required. Furthermore, the claimant in the instant case had the additional burden of delivering all of his papers by 6:00 P.M. The above cases are readily distinguishable from *Matter of Taber* v. *Abraham* (3 A D 2d 776, 777), relied upon by the appellants, where the newsboy was "wandering about town" prior to picking up his papers.

Appellants' remaining contention, that claimant is not entitled to compensation because the record lacks an adequate explanation as to the specific cause of his fall, must similarly be dismissed. Once it has been determined that the fall occurred in the course of claimant's employment, a presumption follows that it arose out of his employment in the absence of substantial evidence to the contrary (Workmen's Compensation Law, § 21, subd. 1; *Matter of Heck* v. *Hilton Hotels Corp.*, 12 A D 2d 672).

The decision should be affirmed, with costs to respondents filing briefs.

HERLIHY, P. J., STALEY, JR., SWEENEY and REYNOLDS, JJ., concur.

Decision affirmed, with costs to respondents filing briefs.