■ In the Matter of the Claim of DAVID LUTGEN, Respondent-Appellant, v A. CONTE ELECTRICAL, INC., et al., Appellants-Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Cross appeals from a decision and an amended decision of the Workmen's Compensation Board, filed March 22, 1974 and August 8, 1974 respectively, which determined that claimant's injuries had arisen out of and in the course of his employment and were, therefore, compensable and excused the late filing by the carrier of its notice of controversy. Claimant, a mechanic, was involved in an accident and severely injured on the morning of October 28, 1972 while driving his pick-up truck to his place of employment located some 15 to 20 miles from his home. On this appeal, the employer and the carrier challenge the board's determination that claimant's injuries arose out of and in the course of his employment while claimant appeals the board's action in excusing the carrier's late filing of its notice of controversy. Although it is generally true that accidents which occur while an employee is on his way to work do not arise out of and in the course of employment *(Matter of Mahar v Hills Baking Co.,* 22 AD2d 983), there are exceptions to this rule, such as where an employee is required to bring with him to work his own vehicle for use during his working day *(Matter of Shafran v Board of Educ., Cent. School Dist. No. 1,* 25 AD2d 336, mot for lv to app den 18 NY2d 579; 1 Larson, Workmen's Compensation Law, § 17.50). Here, the employer admittedly requested that claimant come to work an hour earlier than usual and that he bring his truck with him for the purpose of removing scrap metal to a junkyard during the day. Under such circumstances, the board was clearly justified in finding that the accident arose out of and in the course of employment. Turning to the claimant's assertion that the board erred in

excusing the carrier's late filing of its notice of controversy, we find no reported cases interpreting section 25 (subd 2, par [b]) of the Workmen's Compensation Law. However, it is clear from the language of that section that the board has broad discretion, and we find no reason to disturb its decision here. Decisions affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.