In the Matter of the Claim of MARIE FREEBERN, Respondent, v NORTH ROCKLAND CDA. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, November 9, 1978

### APPEARANCES OF COUNSEL

*Thomas J. Walsh* for appellants.

*Louis J. Lefkowitz, Attorney-General (Morris N. Lissauer* and *Daniel Polansky* of counsel), for Workers' Compensation Board, respondent.

### OPINION OF THE COURT

HERLIHY, J.

The claimant was employed as a school librarian serving two of the employer's school buildings. Her employment required her to spend three and one-half days at the North Garnerville School and one and one-half days at the Garnerville School on a weekly basis. On Tuesday, January 5, 1971, the claimant was scheduled to work a full day at the North Garnerville School. The claimant was injured when she fell while attempting to free her automobile from being stuck on ice in her own driveway on January 5, 1971 as she prepared to drive to her place of employment. Her claim seeks benefits for those injuries.

The claimant testified that she would generally carry work incidental to her employment home at night and bring the finished product back to school with her the next day. She also testified that occasionally she would carry library materials in her automobile from one of the school libraries to the other

one. She conceded that she received no allowance or reimbursement for her automobile expenses. The claimant asserted that on the days when she was assigned to one school only, she *"might* have to get material or I might have to attend a meeting after school, a library staff meeting." (Emphasis supplied.) On the morning of Janaury 5, 1971, the claimant did have some library materials in her automobile.

The central issue for the board was whether or not the use of the claimant's automobile on January 5, 1971 was an incident of the employment relationship or simply the ordinary employee activity of traveling to the place of employment. It is undisputed that if the use of the automobile was simply personal transportation to the place of employment, the accident did not arise out of or in the course of the employment and would be noncompensable.

The board found that claimant was entitled to benefits and the decision appealed from states, in part, as follows: "Upon review the Majority of the Board Panel finds based on the testimony and evidence in the record that claimant by the nature of her employment duties, was required to have her car available at her employment did have school materials in her car, that claimant's driving to her employment was a risk of her employment." The dissenting member of the board panel found that upon the facts in this case, which involved an accident before ever getting the automobile out of the claimant's own driveway, the finding of coverage "would be an undue and unrealistic extension of the precincts of her [claimant's] employment".

The dissenter is quite correct in concluding that the present situation would be a further erosion of the general rule that an employee does not enter into the course of his employment until he reaches the premises of his employer (*Matter of Bennett v Marine Works,* 273 NY 429). There are, of course, several exceptions to the general rule, and for some occupations it may be that the general rule is now the exception; however, the majority of employees still cannot be considered in the course of their employment while traveling to and from the premises of the employer.

Upon the present record, there is ample evidence that the claimant's automobile was the method of transportation adopted by the employer for the necessary travel between the two school buildings on the one day per week when the claimant worked one-half day in each school. If the incident

had occurred while traveling from the North Garnerville School to the Garnerville School on the day on which a change in the employment premises was required, there would be some basis for coverage (see *Matter of Shafran v Board of Educ.,* 25 AD2d 336, 337, mot for lv to app den 18 NY2d 579; cf. *Matter of Marciniak v Berlitz School,* 43 AD2d 509, app dsmd 34 NY2d 843) and, if the accident had occurred on a day when the automobile would be required for the change in schools, then there would be some basis for finding that the drive to work is in the course of the employment *(Matter of Lutgen v Conte Elec.,* 50 AD2d 624). However, the accident herein did not occur on a day when the claimant was scheduled to spend one half of her work day in each school. She was engaged for the full teaching day at one school.

██ ██ If an employee is required to have an automobile at the employment premises, the accident involving the use of it to reach those premises would no doubt be in the course of the employment *(Matter of Mang v Actus Auto Distrs.,* 62 AD2d 1103). In the present case the board has found that the automobile was required; however, the record is quite explicit that the use of the automobile was not a requirement or condition of the employment on the day in question. When the claimant was forced to directly answer the question of whether or not an automobile was required on the day she was injured, she responded, as most employees would, that: "There was no direction morning by morning of how one arrived at school, but you were expected to get to work. It's not the kind of a question that can be answered in the form that he [cross-examiner] has phrased it. A car was required." As to the transportation of materials between schools, the record does not establish that this was anything more than a mere convenience for the claimant on those days when she used her own automobile for her personal transportation (see *Matter of Trent v Collins Tuttle & Co.,* 20 AD2d 948).

██ Accordingly, there is a lack of substantial evidence to show that the claimant's automobile was required by her employment and/or that the school materials in her automobile at the time of the accident would transform the use of the automobile into a special errand or an extension of the employment. The claimant was not an outside employee (see *Matter of Greene v City of New York Dept. of Social Servs.,* 44 NY2d 322; *Matter of Shafran v Board of Educ.,* 25 AD2d 336, 337-338, *supra,* and cases cited therein).

■■ Moreover, there is a complete failure to establish any connection between the homework part of claimant's duties and the employment herein for the purpose of coverage. It has been held that as to travel between home and office the mere fact of homework is not sufficient to engender portal to portal employment status and there must be evidence that the home is "truly a place of employment". *(Matter of Hille v Gerald Records,* 23 NY2d 135, 139.) In the *Hille* case *(supra,* p 139), it was noted that: "It is appropriate, perhaps necessary, to add that the mixed or dual purpose test must be applied with caution to professional employees, such as teachers, doctors, lawyers and the like, who have frequent occasion to carry home work of varying degrees of importance and substantiality. The going and coming rule—the caveat is contained in Larson's treatise *(op. cit.,* § 18.32, p. 294.39)— is not to be subjected to a process of gradual erosion, through the device of finding some tidbit of work performed at home."

Upon the present record there is a failure of substantial evidence to support the finding that the claimant's use of her personal automobile was a risk of her employment on January 5, 1971.

The decision should be reversed, with costs to the appellants against the Workers' Compensation Board.

GREENBLOTT, J. P., MAIN, LARKIN and MIKOLL, JJ., concur.

Decision reversed, with costs to appellants against the Workers' Compensation Board.