In the Matter of the Claim of HILDA CURRIE, Respondent, v SELF HELP COMMUNITY SERVICES, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed March 18, 1977, which affirmed a referee's decision awarding compensation to claimant for injuries sustained in a fall on a snowy sidewalk on her way home from work as a home health aide. The board found: "based on the testimony, that the claimant is both an inside and outside employee; that the claimant was paid roundtrip travel expense from her assigned client and that claimant's travel from her home to the home of a client and return to her home is in the course of her employment." There is substantial evidence to sustain the decision of the board *(Matter of Greene v City of New York Dept. of Social Servs.,* 44 NY2d 322; *Matter of Bennett v Marine Works,* 273 NY 429; *Matter of Kelly v Hudson Val. Accoustical & Plastering Co.,* 62 AD2d 1097; *Matter of Marciniak v Berlitz School of Languages,* 43 AD2d 509; *Matter of Weisberg v White Eagle Bakery,* 28 AD2d 1030). Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Sweeney and Mikoll, JJ., concur; Larkin and Herlihy, JJ., dissent and vote to reverse in the following memorandum by Herlihy, J. Herlihy, J. (dissenting). Even if we were to assume that the claimant herein was not an inside worker, it would not necessarily follow that she was an outside worker. The fact is that this claimant does not work at premises controlled by the employer. However, many employers provide employees at sites where the employer does not control the premises and such an assignment does not make them outside workers (see *Matter of Bennett v Marine Works,* 273 NY 429). There is no factual distinction in an employment which requires a claimant to report daily to a site not owned by the

employer and one which requires such reporting to a site owned by the employer. To automatically provide portal to portal coverage to either form of employment simply on the basis of the location and/or ownership of the work site and exclude the other employment would be upon its face without a reasonable foundation for discrimination. The key to coverage while in the process of traveling from a residence to a work site is whether or not it is in the course of the employment (see *Matter of Freebern v North Rockland CDA,* 64 AD2d 300). All employments requiring a presence outside of the residence or home necessitate travel, however, as a matter of law, workers' compensation coverage is not extended to travel from home to work as a general proposition *(Van Gee v Korts,* 252 NY 241). Of course, the general rule excluding coverage for travel from the residence to the work site has several exceptions including the ultimate exception when the home itself is considered a work site as an extension of the employment premises. In this particular case the board appears to have found coverage based upon two exceptions—"outside" employees and the payment of travel expenses. The utilization of a denomination such as "outside" employee can in certain cases be misleading. In this case, as in the recent case of *Matter of Greene v City of New York Dept. of Social Servs.* (44 NY2d 322), the claimant is employed for the purpose of providing services to homeowners in their homes. There the claimant was required to travel from one location to another after her employment had commenced and the primary issue was whether or not the use of an automobile was a deviation from her employment so as not to be in the course of her employment. In the present case the claimant's duties did not require any travel during the *hours* of her employment and the travel reimbursement was for the expense of travel. In the absence of any requirement for travel from one work site to another as a part of the claimant's duties, the board erred as a matter of law in characterizing the claimant as an "outside" employee for purposes of coverage (see *Matter of Bennett v Marine Works, supra).* To put the matter in another light, there is no substantial evidence to establish that travel was an integral part of the employment and, accordingly, there is no substantial evidence to establish that the accident occurred in the course of the employment as an *outside* employee. Furthermore, although the record establishes that the claimant received carfare, there is no basis for concluding that walking on a public street from her residence to a fixed place of employment was thereby made a risk of the employment (cf. *Matter of Marciniak v Berlitz School of Languages,* 43 AD2d 509, app dsmd 34 NY2d 843, affd following remand, 53 AD2d 774). Once employment commences, traveling between different locations is clearly within the contemplation of the Workers' Compensation Law. The present claimant's employment did not commence until she boarded a bus and when she fell on the sidewalk she was not within the scope of her employment. The decision should be reversed and the claim dismissed.