In the Matter of the Claim of WILLIAM E. BARNARD, Appellant, v LOCKPORT UNION SUN & JOURNAL, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed April 5, 1982. At the time of his injury, claimant was 13 years of age and employed as a newspaper carrier by Lockport Union Sun & Journal, Inc. He testified at a hearing that he would leave school each day at 2:35 P.M. and walk to pick up his newspapers at a box located at Jackson Street; that this was the same route he would take to go home except for a turn onto Jackson Street off Clinton Street to the pickup box rather than continuing on Clinton Street to his home; that while on Clinton Street on the day in question and just before turning onto Jackson Street he was struck in the right eye by a stone propelled by an automobile tire; that he then picked up his newspapers and went home to count them, and that he thereafter went to the hospital. The board, relying on *Matter of Taber v Abraham* (3 AD2d 776) disallowed the claim on the ground that the accidental injury did not arise out of or in the course of claimant's employment due to the fact that he had not yet arrived at the fixed location to pick up his newspapers and, thus, his employment had not begun. This appeal ensued. The general rule is that employees are not deemed to be within the scope of their employment while traveling to and from work (*Matter of Greene v City of New York Dept. of Social Servs.*, 44 NY2d 322, 325). While an exception to this rule has been recognized in the case of outside workers who have no fixed place of employment (*Matter of Bennett v Marine Works*, 273 NY 429), such an exception is not applicable where the worker is required to report to a fixed location before commencing work (*Matter of Bennett v Marine Works, supra; Matter of Shafran v Board of Educ.*, 25 AD2d 336, mot for lv to app den 18 NY2d 579). In any event, this court has held that newspaper delivery boys are not outside workers (*Matter of Taber v Abraham*, 3 AD2d 776, supra). Claimant, however, relies on *Birdsall v Peters* (46 AD2d 11) and *Matter of Flynn v Newsday* (28 AD2d 1053, mot for lv to app den 20 NY2d 648) to support the proposition that he was in the course of his employment when he sustained his injury. Distinguishing those two cases from the present one is the fact that the claimant newspaper delivery boys therein were injured while riding bicycles to pick up their newspapers while both employers were aware of the use of the bicycles. The board could properly infer in those two cases that the bicycles were a necessary accessory of employment furthering the interests of the employer. The circumstances in *Birdsall* and *Flynn* were thus similar to situations where an employee is required to bring his vehicle to work to use during his working hours. In these latter situations, this court has recognized another exception to the general

rule that an accident occurring while an employee is on his way to work does not arise out of and in the course of his employment (see *Matter of Lutgen v Conte Elec.*, 50 AD2d 624; *Matter of Shafran v Board of Educ.*, 25 AD2d 336, *supra*). Considering the record in its entirety, we are unable to say as a matter of law that the board erred. We have considered claimant's remaining arguments and find them unpersuasive. Accordingly, the decision of the board should be affirmed. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.