■ In the Matter of the Claim of FRANCIS STONE, JR., Appellant, v A.L.S. CONSTRUCTION COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Levine, J. Appeal from an amended decision of the Workers' Compensation Board, filed March 6, 1984, which ruled, *inter alia,* that claimant's injury did not arise out of or in the course of his employment and denied his claim for benefits.

Claimant was employed by respondent A. L. S. Construction Company on an hourly basis in a number of capacities, as a truck driver, machinery operator, traffic director, and pick and shovel worker. One of the requirements of his employment was that he bring his two-ton pickup truck to work for use on the job. The employer provided lodging for claimant close to the job site during the week and gasoline for the truck, which claimant drove home on weekends.

There is evidence in the record that on November 9, 1979, a Monday, claimant had agreed to accommodate the employer's vice-president by driving him before work, in his truck, to an auto parts store in the City of Binghamton, where the latter was to pick up his car. This errand took claimant several miles out of the direct route between his home in Broome County, where he had spent the weekend, and the job site in Herkimer County. On his way from Binghamton to the job site, while he was still 10 miles from work, claimant was seriously injured in a motor vehicle accident. In the decision appealed from, the Workers'

Compensation Board held that an employment relationship existed, but denied claimant benefits on the basis that the accident did not arise out of or in the course of his employment. We affirm.

Initially, we note that the Board's factual finding of an employment relationship here is based on substantial evidence in the record, given, *inter alia,* the employer's control over the work performed by claimant (*see, Matter of Freeman v Custom Bilt Body,* 35 AD2d 857) and the nature of that work (*see, Matter of Bedder v Gambardella,* 49 AD2d 968; *see generally, Matter of Wittenstein v Fugazy Cont. Corp.,* 59 AD2d 249, *lv denied* 43 NY2d 648). Accordingly, this finding must be upheld.

A more troubling question is whether claimant's injury arose out of or in the course of his employment. It is the general rule that accidents which occur while an employee is on his way to or from work do not arise out of or in the course of his employment (*Matter of Barnard v Lockport Union Sun & Journal,* 92 AD2d 663, 664, *lv denied* 60 NY2d 552; *Matter of Junium v Bazzini Co.,* 86 AD2d 690). There are exceptions to this rule, however, and the one most pertinent to this case is that which applies when an employee is required to bring to work his own vehicle for use during the workday (*Matter of Freebern v North Rockland CDA.,* 64 AD2d 300, 303; *Matter of Shafran v Board of Educ.,* 25 AD2d 336, *lv denied* 18 NY2d 579; 1 Larson, Worker's Compensation § 17.50 [1984]).

As noted above, claimant was subject to such a requirement. However, this exception cannot be applied to claimant's case if, at the time of the accident, he was engaged in completing a personal errand, that of driving his co-worker to pick up his car as a personal favor, rather than commuting directly to work (*cf. Matter of Shafran v Board of Educ., supra*). Further, the record lacked evidence that claimant's truck was, in fact, to be used on the job on the day he was injured (*see, Matter of Freebern v North Rockland CDA., supra,* p 303; *cf. Matter of Lutgen v Conte Elec.,* 50 AD2d 624). Thus, it was readily inferable from the record that claimant's injury occurred during his performance of a personal activity, off the employer's premises, outside of working hours, and with no direction or compulsion by the employer. Accordingly, the Board could rule that his injury did not arise out of or in the course of his employment (*see, Matter of Costa v New York State Workmen's Compensation Bd.,* 34 AD2d 585). Since this finding is based on substantial evidence and is not erroneous as a matter of law, it should not be disturbed (*see, Matter of Junium v Bassini Co., supra*).

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.