■ In the Matter of the Claim of Maria Bednarek, Respondent, v Caring Professionals Inc. et al., Appellants. Workers' Compensation Board, Respondent. [974 NYS2d 301]—

McCarthy, J. Appeal from a decision of the Workers' Compensation Board, filed March 6, 2012, which ruled that claimant sustained an accidental injury arising out of and in the course of her employment.

Claimant was employed as a home attendant for the elderly and, on the day in question, worked two shifts with different clients. She fell and was injured while walking from the first client's residence to the second client's residence, and applied for workers' compensation benefits. Following a hearing, a Workers' Compensation Law Judge determined that the injury arose out of and in the course of her employment. A divided panel of the Workers' Compensation Board agreed, prompting the employer and its workers' compensation carrier to seek full Board review as of right (see Workers' Compensation Law § 23). The full Board affirmed, and the employer and carrier appeal.

We affirm. While "injuries sustained during travel to and from the place of employment" are generally not compensable under the Workers' Compensation Law, an outside employee "who does not have a fixed worksite[ ] may be compensated for

injuries sustained in the course of" work-related travel (*Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 475 [1995]). The employer and carrier contend that claimant was not an outside employee, but "[t]he distinguishing feature of outside employees is that they do not work at a fixed location and are required to travel between work locations" (*Matter of Bobinis v State Ins. Fund*, 235 AD2d 955, 956 [1997]; *see Matter of Bennett v Marine Works, Inc.*, 273 NY 429, 431 [1937]). The employer here assigned claimant to care for two clients in different locations and, thus, substantial evidence supports the Board's determination that she "became an outside employee when [s]he left" one work site and proceeded to another (*Matter of Marciniak v Berlitz School of Languages*, 43 AD2d 509, 512 [1974], *appeal dismissed* 34 NY2d 843 [1974]; *see Matter of Greene v City of New York Dept. of Social Servs.*, 44 NY2d 322, 325 [1978]; *Matter of Egloff v Ob-Gyn Assoc. of N. N.Y.*, 245 AD2d 965, 966 [1997]).

The remaining contentions of the employer and carrier have been examined and found to lack merit.

Peters, P.J., Spain and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.